STEPHEN H. THREADGILL v. JOHN J. McLENDON.

*Contract — Agricultural Supplies — Promise to pay debt of another:.*

1. Where A furnished supplies to a cropper of B, upon a promise by B, to-pay for the same, and afterwards B took into his possession cotton be-longing to the cropper and sufficient to pay A's account, and thereafter promised to pay the same; *Held*, that B is liable to A upon the latter promise.

2. In such case the latter promise was not made by B as surety for the cropper, but for himself, because the fund out of which the debt was to-be paid was in his hand.

(*Stanley* v. *Hendricks* 13 Ire. 86; *Hall* v. *Robinson*, 8 Ire. 56, and *Draughan* v. *Bunting*, 9 Ire. 10, cited, distinguished and approved.

CIVIL ACTION, tried at Fall Term, 1876, of ANSON Superior Court, before *Furches, J.*

The action was commenced before a Justice of the Peace, and brought by appeal to the Superior Court.

The plaintiff declared upon a store account of $56.09, which was charged to the defendant, and $100, which was charged to one Treadaway who was a cropper of the defendant. The debt was contracted for supplies and fertilizers. It was admitted that the goods charged in both bills were received by Treadaway.

There was evidence tending to show, that defendant directed plaintiff to let Treadaway have, such goods as he wanted, and he would see that plaintiff was paid for them; and that the plaintiff by reason of this, let Treadaway have credit at his store; that the defendant, with the consent of Treadaway, took into his possession a quantity of cotton belonging to said Treadaway, for the purpose of selling the same, and paying the plaintiff's account; that after he had so received the cotton, he again promised to pay the plaintiff; that the defendant by virtue of a written agreement,.

had furnished his cropper with provisions, to an amount greater than the cropper's part of the crop was worth, and took the cotton to re-imburse himself. There was other conflicting testimony introduced by both parties.

His Honor charged the jury, that in considering the evidence as to the account of $56.09 for fertilizers, if they should find that plaintiff sold to defendant, and delivered the fertilizers to the defendant or Treadaway as his agent, the plaintiff was entitled to recover. And in considering the other account, if they should find that the defendant received cotton enough to pay himself, and to leave a balance, and that having so received the cotton, promised the plaintiff to pay Treadaway's account, the plaintiff would be entitled to recover, to an amount sufficient to pay said account; otherwise the defendant would not be liable.

The jury rendered a verdict in favor of the plaintiff for $151.95 and interest. Rule for a new trial. Rule discharged. Judgment. Appeal by the defendant.

*Messrs. Battle and Mordecai*, for the plaintiff, cited, *Watkons* v. *Perkins*, 1 Ld. Raymond 222; 3 Par. Con. 21, note (o) and *Ibid* 25-27; *Stanly* v. *Hendricks*, 13 Ire. 86, latter part of opinion.

*Messrs. Platt D. Walker* and *J. N. Staples* for the defendant, cited *Draughan* v. *Bunting*, 9 Ire. 10; *Chitty on Contracts*, 10th Amer. Ed. p. 555, et seq; *Stanly* v. *Hendricks*, 13 Ire. 86; *Hicks* v. *Critcher*, Phil. Law 353; *Haughto n* v *Newberry*, 69 N. C. 456, and *Thomas* v. *Campbell*, 74 N. C. 787.

PEARSON C. J. The facts in the case do not put the defendant in a very favorable light. The defendant had a lien on the crop and was bound to furnish his cropper with necessary supplies. To induce the plaintiff to furnish his cropper with the goods necessary to enable him to carry on the

farming operations, the defendant promises the plaintiff, that if he would furnish the goods, he would see that they were paid for. Accordingly, the plaintiff let the defendant's cropper have the goods. At the end of the year, defendant took into his possession the cotton made by his cropper, which was more than enough to pay the account of defendant for the provisions he had let his cropper have and also the plaintiff's account for the goods he had furnished. Thereupon the defendant promised that he would pay the plaintiff, but afterwards on the pretext that the cotton was not enough to pay his own account and that of the plaintiff also, which pretext the jury find to be untrue, he refuses to pay the plaintiff, and as a defence to the action, relies upon a statute passed to *prevent fraud.*

His Honor, it may be, attached more importance to the fact—that the guano was charged on the books of the plaintiff to the defendant, and the goods furnished were charged to the cropper—than it deserved ; that considering the fact, that the defendant was bound to furnish his cropper with necessary supplies and had a lien upon the crop, it ought to have been left to the jury, to say, whether the credit was not in the first instance given to the defendant and the entries on the book made simply to discriminate, what was for farm purposes, and what, for the personal use of the cropper and his family.

Assuming however, that the defendant was merely the surety of his cropper, and that the original promise fell within the operation of the statute of frauds, we concur fully with His Honor in the conclusion, that the defendant was bound by his direct promise to pay, after he had taken the cotton crop into possession, and had in his hands the means, out of which to pay the plaintiff's account—cotton being a cash article and convertible at pleasure into money.

The purpose of the statute, was to protect sureties, by requiring the promise to be in writing as a guaranty of its

THREADGILL *v.* McLENDON.

being well considered ; and it is settled, that a new consid
eration does not take the promise out of the operation of the
statute, *Stanly* v. *Hendricks*, 13 Ire. 86.　But it is also set-
tled, that when the surety receives money out of which it
is his duty to pay the debt, although his first promise can-
not be inferred, the receipt of the money raises another
promise by implication, upon which he is liable to an action
"for money paid to his use," as in *Hall* v. *Robinson*, 8 Ire.
56 ; or for money "had and received for the use of the plain-
tiff," as in *Draughan* v. *Bunting*, 9 Ire. 10.

An attempt was made to distinguish our case, on the
ground, that defendant had received cotton and not money.
Two replies may be made ; cotton being a cash article, after
a reasonable time, the defendant in furtherance of justice,
will be presumed to have converted it into money ; but the
more conclusive reply is : this action is not brought upon
an implied promise, as in the cases cited, but is brought up-
on a direct *express promise* to pay the plaintiff the amount of
his account.　This promise the defendant makes, not as the
surety of his cropper, but for himself, by reason of his hav-
ing in his hands, the fund out of which it ought in justice
to be paid.　So it is stronger than the two cases referred to.

No error.

PER CURIAM.　　　　　　　　　　　　Judgment affirmed.