MARY MASON v. A. J. WILSON.

*Promise to pay debt of another—Statute of Frauds.*

A parol promise to pay the debt of another out of property placed by the debtor in the hands of the promisor, who converts the same into money, is not within the statute of frauds. It is an original and independent promise founded upon a new consideration.

(*Draughan* v. *Bunting*, 9 Ired., 10; *Hall* v. *Robinson*, 8 Ired., 56; *Hicks* v. *Critcher*, Phil., 353; *Threadgill* v. *McLendon*, 76 N. C., 24; *Stanley* v. *Hendricks*, 13 Ired., 86, cited and approved.)

APPEAL from a justice of the peace tried at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The plaintiff both before the justice and in this court based her claim upon the promise of the defendant Wilson to pay a debt due by one Green to the plaintiff.

The facts disclosed by the evidence on the trial were as follows: On the 11th day of March, 1874, the said Green made and delivered to plaintiff a promissory note for the sum of eighty dollars for money borrowed, and shortly thereafter Green was charged with a crime and fled the county, leaving all his property in the hands of defendant Wilson. This property consisted among other things of a small stock of groceries in a storehouse in the suburbs of the city of Charlotte.

The plaintiff introduced herself as a witness in her own behalf, and testified that on the day after the flight of Green,

she went to the defendant and informed him that Green on the day of his flight had come to her house and informed her of his intended departure, and that he had left all of his property in the hands of the defendant Wilson, out of which her debt would be paid, as he had given Wilson instructions to that effect. To which Wilson replied that he had the property and that so soon as he could sell it, he would pay her debt. That the defendant had since sold the property, and that she had after such sale demanded payment which the defendant refused.

The defendant then introduced himself as a witness and testified that he had received the property of Green at the time of his departure, which he held to secure a debt due himself and denied that he had at any time promised to pay the plaintiff's debt out of the proceeds of the property, and that the proceeds of the property when sold, did not amount to enough to pay his own debt.

At the time the action was tried before the justice the note was lost, and there appears on the records of the justice's court an affidavit of the plaintiff to that effect, but on the trial in the superior court the note was produced, having been found in the meantime. Before the jury were impaneled and again in the course of the trial, the defendant moved to dismiss the action for the want of jurisdiction in the justice to try an action upon a lost note. The court overruled the motion and the defendant excepted.

In the course of the trial the defendant's counsel asked the court to charge the jury that the alleged promise on the part of the defendant not being in writing was void, and that there was no evidence to support the demand of the plaintiff. His Honor declined to give the charge, but told the jury that if they believed that the defendant Wilson received the property from the defendant Green promising to pay the plaintiff's debt out of the proceeds, and had thereafter verbally promised plaintiff to pay her debt in

the manner described by her, and afterwards refused to do so, that plaintiff was entitled to their verdict. To this charge of His Honor and to his refusal to charge as requested, the defendant excepted. Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. Platt D. Walker* and *Jones & Johnston,* for plaintiff.
*Messrs. W. H. Bailey* and *J. M. McCorkle,* for defendant.

ASHE, J. The question of jurisdiction raised by the defendant's exception cannot be sustained, for the action is not upon the lost note (see *Fisher* v. *Webb, ante,*) but is in nature of *assumpsit* for money had and received to the use of the plaintiff. The defendant contends that the action cannot be sustained, for the reason that the promise of the defendant is to pay the debt of Green and is within the statute of frauds.

In construing this statute, (our act of 1819), it may be laid down as a general rule, " that a promise to answer for the debt, default or miscarriage of another for which that other remains liable, must be in writing to satisfy the statute of frauds; *contra,* when the other does not remain liable." 1 Smith L. C., 371. But there are numerous exceptions to the rule. Chief Justice KENT, in the case of *Leonard* v. *Vredenburgh,* 8 Johns. Rep , 29, went very fully and elaborately into the discussion of the many diversified and vexed questions arising in the construction of this statute, and he divided the subject into three classes:

1. Cases in which the promise is collateral to the principal contract, but is made at the same time and becomes an essential ground of credit given to the principal or direct creditor.

2. Cases in which the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, though the subsisting liability is the ground of

the promise without any distinct and unconnected inducement.

3. A third class of cases is where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the original contracting parties.

He says the two first classes are within the statute and the last is not, and the reason given why this last class does not come within the statute is because the promise is made upon a *new and independent* consideration, and it matters not whether the original debt continues to subsist or not. In 1 Smith L. C., 385, as coming under the last class, a promise to pay an antecedent debt in consideration of property placed in the hands of the promisor by the debtor, or of some new engagements or contracts entered into by the creditor, has been held not to require a writing to give it validity. *Olmstead* v. *Gouls*, 18 Johns., 12. And in *Wait* v. *Wait*, 28 Vermont, 350, it is decided that a parol promise to pay the debt of another in consideration of property placed by the debtor in the promisor's hands is not within the statute of frauds. It is an original promise and binding upon the promisor, and in this respect it is immaterial whether the liability of the original debtor is continued or discharged.

The same doctrine has been recognized and adopted by several decisions in this court, upon the ground that the promise made and the liability incurred are to be regarded as an original and independent promise founded upon a new consideration and binding upon the promisor, but it applies only where the property has been converted into money, and the money received. *Draughan* v. *Bunting*, 9 Ired., 10 ; *Hall* v. *Robinson*, 8 Ired., 56 ; *Hicks* v. *Critcher*, Phil., 353 ; *Threadgill* v. *McLendon*, 76 N. C., 24 , *Stanley* v. *Hendricks*, 13 Ired., 86. In the last cited case, Chief Justice PEARSON says : " The principle is this : when, in considera-

tion of the promise to pay the debt of another, the defendant receives property and realizes the proceeds, the promise is not within the mischief provided against; and the plaintiff may recover on the promise or in an action for money had and received. For although the promise is in words to pay the debt of another and the performance of it discharges that debt, still the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an *original* and *distinct* cause of action."

The case of *Threadgill* v. *McLendon* seems to be directly in point. There, the plaintiff furnished supplies to a cropper of the defendant upon a promise by the defendant to pay for the same, and afterwards took into his possession cotton belonging to the cropper and sufficient to pay the plaintiff's account, and thereafter promised to pay the same; and it was held that the promise was not within the statute, and that defendant was liable, for the reason that the promise was not made by defendant as surety for his cropper but for himself, because the *fund* out of which the debt was to be paid was in his *hands*. It was insisted in this case by defendant's counsel, that the case did not come within the principal of *Draughan* v. *Bunting*, and other cases, because the cotton had not been sold; but the objection was met by the answer that cotton was a cash article and might be readily converted into money.

Upon these authorities we hold that the promise of the defendant to pay the debt of Green to the plaintiff was not within the act of 1819, and that there is no error upon that point. The judgment of the superior court is therefore affirmed.

No error.            Affirmed.