## N. WHITEHURST v. J. T. HYMAN.

*Promise to pay debt, when not within statute of frauds—Evidence.*

1. A promise based upon a new and original consideration of benefit or harm moving between the party to whom the debt is due and the party agreeing to pay the same, is not "a promise to answer the debt or default of another," and need not be in writing.

2. Therefore, where the plaintiff had judgment against a debtor and was seeking to secure payment by supplemental proceedings, and the defendant who claimed the property of the debtor promised to pay fifty per cent. of the sum due, upon plaintiff's dismissing said proceedings and not examining him as to his title, &c., which was accordingly done; *Held*, that such agreement is not within the statute of frauds, and that the defendant is liable. THE CODE, §1552.

3. The admission of irrelevant testimony cannot be assigned for error, unless it appears that the party complaining was, in fact, prejudiced by it.

(*Mason* v. *Wilson*, and cases cited, 84 N. C., 51; *Little* v. *McCarter*, 89 N. C., 233, cited and approved).

CIVIL ACTION tried at Spring Term, 1879, of MARTIN Superior Court, before *Eure, J.*

The plaintiff and sundry other creditors respectively obtained judgments before a justice of the peace, in the county of Martin, against T. J. Harrell. These judgments were docketed in the superior court and executions issued thereon and returned by the sheriff unsatisfied; and proceedings supplementary to the execution were commenced by the plaintiff against said Harrell, who had been examined in these proceedings on the 14th of April, 1873, and his further examination postponed for thirty days.

The defendant claimed all the real and personal property of the said Harrell, and was in possession of the same under deeds therefor. A subpœna had been served upon him to appear and be examined as a witness in the supplemental proceedings.

The officer who made service of the subpœna had charge of the collection of the plaintiff's judgment and authority to "compromise it."

At the time of the service of the subpœna on the defendant, and before he had been examined, he agreed with the officer, that if the plaintiff and the other judgment creditors would discontinue the said proceedings against Harrell, he would pay fifty per centum of plaintiff's judgment and costs; and would also pay a like sum on the other judgments against Harrell in the hands of the officer for collection.

This "compromise" was made known to the plaintiff and the other creditors, and they approved of and accepted it; and thereupon the proceedings against Harrell were "discontinued and dismissed."

Thereafter, the defendant refused to comply with his engagement and pay the plaintiff as he had promised to do, alleging that the debts against Harrell exceeded the amount stated by the officer, and he offered evidence tending to show that fact.

By consent of parties this single issue was submitted to the jury: "Did the defendant Hyman promise to pay fifty cents in the dollar of the debts in controversy without condition?" To this issue the jury responded in the affirmative.

On the trial the plaintiff offered evidence to prove that the defendant had married the only daughter of the said Harrell. The defendant objected to the same, the court admitted it, and the defendant excepted.

The plaintiff moved for judgment. The defendant opposed the motion, on the ground that the promise declared upon was "a promise to pay the debt of another for which the other person is still liable," that it came within the statute of frauds, was not in writing, and, therefore, not binding on the defendant.

The court gave judgment for the plaintiff, and the defendant appealed.

*Messrs. Gilliam & Son*, for plaintiff.
*Mr. James E. Moore*, for defendant.

MERRIMON, J. The material part of the statute relied upon

by the defendant provides that, "No action shall be brought whereby to charge * * * any defendant upon a special promise to *answer the debt, default, or miscarriage* of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party charged therewith, or some other person thereunto by him lawfully authorized." THE CODE, §1552.

It is settled by many judicial decisions in construing this statute, and others substantially like it, that where there is some new and original consideration of benefit or harm moving between the party to whom the debt to be paid is due, and the party making the promise to pay the same, such case is not within the statute; as where a promise to pay an existing debt is made in consideration of property placed by the debtor in the hands of the party promising, or where the party to whom the promise is made relinquishes a levy on the goods of the debtor for the benefit of the promisor, or where the party promising has a personal interest, benefit or advantage of his own to be subserved, without regard to the interests or advantage of the original debtor; as, for example, if a creditor has a lien on certain property of his debtor to the amount of his debt, and a third person who has an interest in the same property promises the creditor to pay the debt in consideration of the creditor's relinquishing his lien. Such promises are not within the statute, because they are not made "to answer the debt, default, or miscarriage of another person."

It may be, the performance of the promise will have the effect of discharging the original debtor; but such discharge was not the inducement to, or the consideration to support the promise.

The moving, controlling purpose of the promisor in such cases is his own advantage, not that of the debtor. It not unfrequently happens that in a great variety of business circumstances it becomes important in a valuable sense to third parties to discharge the debt of a debtor, or relieve his property from

liability to the creditor for the benefit of such third parties, without regard to the benefit, ease or advantage of the debtor.

The advantage to the third party, the promisor, is a sufficient valuable consideration to support a contract separate from, and independent of, the debt to be discharged.

*Draughan* v. *Bunting*, 9 Ired., 10; *Stanly* v. *Hendricks*, 13 Ired., 86; *Threadgill* v. *McLendon*, 76 N. C., 24; *Mason* v. *Wilson*, 84 N. C., 51; 3 Parsons on Cont., 24, 25 and note; *Alger* v. *Scoville*, 1 Gray., 391; *Fears* v. *Story*, 131 Mass., 47; *Williams* v. *Lepper*, 3 Bur., 1,886; *Little* v. *McCarter*, 89 N. C., 233.

In this case the plaintiff and others had judgments against one Harrell, and the plaintiff was pressing him by proceedings supplementary to the execution. The defendant claimed to own, was in possession of, and had deeds for real and personal property obtained from the debtor Harrell; he was summoned to be examined in the supplementary proceedings against Harrell, and was about to be examined as to the character of his title, his indebtedness to Harrell, and what he might know about his property. Under such circumstances he promised the plaintiff and other judgment creditors that he would pay them fifty per cent. of their judgments against Harrell if they would discontinue the proceeding in which he was about to be so examined. The plaintiff and the other creditors accepted the promise, and discontinued the proceedings. There is nothing in the record tending to show that the purpose of the promise was for the benefit of Harrell, or that his advantage was considered at all.

It is manifest, as the case appears in the record, that the defendant did not "promise to answer the debt, default, or miscarriage" of Harrell in the sense of the statute. It plainly was not his purpose to do so. He claimed to be the owner of the property sought to be reached by the plaintiff: his title was about to be scrutinized; he, himself, was about to be examined concerning it, and his indebtedness to Harrell. To avoid such scrutiny, to quiet his title for his own benefit and advantage, he promised to pay, without condition, fifty per cent. of the judgments referred to.

It appears that his purpose was to relieve himself and his property from embarrassment or question, to buy his peace, as he had a right to do, and he is bound to pay the price he agreed to pay for it.

Such a consideration is valuable, and independent of the indebtedness of Harrell to the plaintiff. He got the advantage he bargained for personal to himself without regard to Harrell, and he cannot take shelter behind the statute !

The testimony objected to but received by the court was irrelevant and immaterial, and ought to have been excluded. But it was a slight fact, and so foreign to the issue on trial, that it did not probably have any weight with the jury prejudicial to the defendant. We find nothing in the record that leads us to think so, and the exception, though not abandoned, was not pressed in this court. The admission of slight, unimportant, irrelevant and immaterial evidence that does not tend upon its face to prejudice the party complaining, is not ground for a new trial, unless it appears that the party was, in fact, prejudiced by it.

There is no error, and the judgment must be affirmed. Let this be certified.

No error.                                        Affirmed.