JENKINS v. HOLLEY.

(Filed February 27, 1906).

*Statute of Frauds—Debt of Third Person—Contracts.*

The statute of frauds (Rev., sec. 974,) does not forbid an oral contract to assume the debt of another, who is thereupon discharged of all liability to the creditor, the promisor thus becoming sole debtor in his place and stead.

ACTION by J. T. Jenkins against T. D. Holley, heard on appeal from the justice of the peace, by *Judge R. B. Peebles* and a jury, at the September Term, 1905, of the Superior Court of BERTIE.

One Wilson, a colored man, was indebted to Jenkins in the sum of $20, for advances, which he agreed to pay or work out. Wilson got employment from defendant Holley and brought him to see Jenkins. The plaintiff testified: "Holley asked if Wilson owed me and how much. I told him I had a paper in which the said Wilson had agreed to pay me in thirty days or do that amount of work. He asked to see the paper and said that Wilson was going to work with him

to pay him and he wanted to write one by it. I handed him the paper and he said, 'I will pay you. You need not look to Wilson.' I asked him when he would pay me and he said, 'On Saturday next.' I replied, 'Mr. Holley, that is all right; I do not look to Wilson for pay, but look to you.' Holley replied to this, 'All right. You look to me; I will pay you.' And Holley took the paper and he and Wilson went off. I asked Holley for pay several times and he did not pay me and I sued him."

Wilson testified : "I owed Jenkins $20. He demanded the cash or work. I told him that I would get Holley to pay him, that I was working for Holley. I saw Holley and he agreed to do so, and saw Jenkins and Jenkins agreed to look to Holley for it. I have not paid Jenkins. The promise of Holley was not evidenced by any writing."

Upon the close of this evidence, the court nonsuited the plaintiff on the ground that the promise of Holley was not in writing.

*Francis D. Winston* and *J. H. Matthews* for the plaintiff.
*Day, Bell & Dunn* and *J. B. Martin* for the defendant.

CLARK, C. J., after stating the case: The provision of the statute of frauds (now Revisal, section 974,) which requires a "special promise to answer the debt, default or miscarriage of another" to be in writing, applies only to invalidate verbal agreements to be surety for the debt, etc., of another for which that other remains liable. It does not forbid an oral contract to assume the debt of another, who is thereupon discharged of all liability to the creditor, the promisor thus becoming sole debtor in his place and stead. *Haun v. Burrell,* 119 N. C., 547; *Whitehurst v. Hyman,* 90 N. C., 489. The point was clearly restated last term by *Hoke, J.,* in *Sheppard v. Newton,* 139 N. C., 533.

The language here used to plaintiff by Holley—"I do not

look to Wilson for pay, but look to you"—and Holley's reply —"All right, you look to me; I will pay you on Saturday next"—was very strong, if not indeed conclusive evidence, and is strengthened by Wilson's testimony. The evidence offered by plaintiff should have been left to the jury, with any evidence the defendant might offer, upon the issue whether Holley became sole debtor, or was merely responsible if Wilson did not pay.

A promise to assume the debt of another, who is thereupon released, need not be in writing. *Mason v. Wilson,* 84 N. C., 51. The arrangement that Wilson was to work for Holley instead of Jenkins, was consideration to support the promise. The surrender of the paper is not conclusive evidence, of it-self, for the defendant contends that this was only for the purpose of making a copy. But upon the whole evidence the case should not have been withdrawn from the jury by a non-suit.

Error.