A. N. DALE ET AL. v. GAITHER LUMBER COMPANY.

(Filed 25 May, 1910.)

**Contracts—Statute of Frauds—Debt of Another—Consideration— New Promise.**

The defendant contracted with W. that the latter should cut, saw, log and stack certain timber; the plaintiff did the logging work for W. under this contract, and there was evidence tending to show that subsequent to the original agreement the parties agreed that the defendant should retain for plaintiff, under contract with W. and with the consent of W., certain moneys earned by the plaintiff under his agreement with W. to do this work. Defendant finally refused to pay these moneys to plaintiff, alleging and contending that W. was indebted to it, that he had been overpaid, and setting up the statute of frauds: *Held,* the promise of defendant to retain the moneys for plaintiff under the circumstances does not fall within the meaning of the statute of frauds, that to answer the debt, default or miscarriage of another the promise must be in writing, (*a*) the defendant had a direct pecuniary interest in the work to be performed by plaintiff, and received the benefit of it; (*b*) the promise was, in effect, to see the plaintiff's claim paid out of the amount to be earned under the contract of W., the original debtor, and the amount so earned becomes a fund applicable, by the agreement, to plaintiff's debt, affording the consideration to support the defendant's promise as a new and original obligation.

APPEAL from *Justice, J.,* at December Term, 1909, of BUNCOMBE.

There was evidence tending to show that one L. L. Wood had contracted in writing with defendant company to "cut, saw, log and stack in a workmanlike manner" for defendant company

the timber growing on a tract of land of 888 acres, and was engaged in the performance of said contract; that the plaintiff had agreed with L. L. Wood to do the logging for this job at $3 per thousand feet; that plaintiff went to work under this agreement, and after a short time, not receiving any money and not being satisfied with the arrangements for his pay, he saw the manager of defendant company and told him that plaintiff was to have $3 per thousand for doing the logging, and that he wanted the company to hold back that amount for plaintiff out of the money to be earned by Wood under his contract; that the manager agreed to do this, and, under and by reason of this agreement, plaintiff went back to work and did logging to the amount of $400 and over, for which he had not been paid; that this arrangement and agreement as to holding back the $3 per thousand was made with the knowledge and assent of Wood; that after this agreement on the part of the manager, a large amount of the lumber was cut and turned over to the company by Wood, the amount thereafter earned by Wood under the contract being near $2,000, and that plaintiff had applied to the company for his money and it had failed and refused to pay the amount or any part of it, claiming that they had paid Wood in full and that he was indebted to them several hundred dollars on an old debt, etc.

Defendant's evidence tended to show that they had the written contract with Wood to do the work, and they did not know plaintiff in the transaction; that the first they knew of plaintiff making any claim against the company was when he presented an order from Wood for the company for $416; that they had paid Wood something over $2,000, all they owed him for work done under the contract, and he was indebted to the company for more than $200 on an old debt. There was also evidence of some payments by Wood to Dale on the amount due him for logging. It appeared that R. A. Gaither was secretary and treasurer, having power as general manager to bind the company.

On the issue as to the liability of the defendant company, the court charged the jury as follows:

"The court charges you (a) that if you find from the evidence that R. A. Gaither, who is admitted to be the secretary and treasurer of the Gaither Lumber Company, agreed with plaintiff, A. N. Dale, that he would hold back $3 per thousand feet out of the money due or to become due L. L. Wood for sawing for said company, and that he would pay the same to said plaintiff for cutting and logging done by him for said Wood, and if you find from the evidence that plaintiff was

induced thereby to go on with the logging, then the defendant, the Gaither Lumber Company, would be liable to pay plaintiff at that rate for all timber cut and logged by plaintiff for said Wood after the time such agreement was made, and you will therefore allow plaintiff $3 per thousand feet for whatever amount of timber you find was so cut and logged, in your answer to the second issue (*b*)."

There was verdict against the company for $393.90. Judgment on the verdict and defendant excepted and appealed, assigning for error chiefly that the demand of plaintiff against defendant company was avoided under the statute of frauds, Revisal, 974, requiring agreements to answer for the debt, default or miscarriage of another to be in writing, and that all oral evidence tending to support the claim should have been excluded.

*J. M. Mull* and *J. T. Perkins* for plaintiff.
*Avery & Ervin* for defendant.

HOKE, J. We are of opinion that the case has been correctly tried, and the charge of his Honor is in accord with the better-considered precedents.

In *Emerson v. Slater,* 63 U. S., 28-43, a decision on this section of the statute of frauds, the Court said:

"But whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability." This position has been sustained and applied in other cases of the same Court, notably in *Davis v. Patrick,* 141 U. S., 479, in which it was held:

"In determining whether an alleged promise is or is not a promise to answer for the debt of another, the following rules may be applied: (1) if the promisor is a stranger to the transaction, without interest in it, the obligations of the statute are to be strictly upheld; (2) but if he has a personal, immediate and pecuniary interest in a transaction in which a third party is the original obligor, the courts will give effect to the promise. The real character of a promise does not depend altogether upon form of expression, but largely upon the situation of the parties, and upon whether they understood it to be a collateral or direct promise."

This rule has prevailed in many well-considered cases in other courts construing this section of the statute, as in *Crawford v. Edison,* 45 Ohio St., 239; *Pront & Robertson v. Webb,* 87 Ala., 593; *Commissioners v. Heating Co.,* 128 Ind., 247, and the same general principle has been recognized and approved with us, as in *Deaver v. Deaver,* 137 N. C., 241; *Voorhees v. Porter,* 134 N. C., 591-605; *Whitehurst v. Hyman,* 90 N. C., 587; *Mason v. Wilson,* 84 N. C., 51; *Threadgill v. McLendon,* 76 N. C., 24.

A doctrine resting upon the same basic principle appears in several of these cases from our own Court, to the effect that where a debtor places a fund, money or property in the hands of a third person, who agrees to pay the debt out of the fund, the said agreement is not within the statute.

The position is stated in *Mason v. Wilson, supra,* as follows: "A parol promise to pay the debt of another out of property placed by the debtor in the hands of the promisor, who converts the same into money, is not within the statute of frauds. It is an original and independent promise founded upon a new consideration."

And in either class of cases the promise on the part of the third person is held to be a binding obligation, whether the original debtor continues liable or not; this by reason of the new consideration moving between the parties.

Referring to this question in *Whitehurst v. Hyman, supra, Merrimon, J.,* said: "It is settled by many judicial decisions in construing this statute, and others substantially like it, that where there is some new and original consideration of benefit or harm moving between the party to whom the debt to be paid is due, and the party making the promise to pay the same, such case is not within the statute; as where a promise to pay an existing debt is made in consideration of property placed by the debtor in the hands of the party promising, or where the party to whom the promise is made relinquishes a levy on the goods of the debtor for the benefit of the promisor, or where the party promising has a personal interest, benefit or advantage of his own to be subserved, without regard to the interests or advantage of the original debtor; as, for example, if a creditor has a lien on certain property of his debtor to the amount of his debt, and a third person who has an interest in the same property promises the creditor to pay the debt in consideration of the creditor's relinquishing his lien. Such promises are not within the statute, because they are not made 'to answer the debt, default or miscarriage of another person.'

"It may be, the performance of the promise will have the effect of discharging the original debtor; but such discharge was not the inducement to or the consideration to support the promise.

"The moving, controlling purpose of the promisor in such cases is his own advantage, not that of the debtor. It not infrequently happens that in a great variety of business circumstances it becomes important in a valuable sense to third parties to discharge the debt of a debtor, or relieve his property from liability to the creditor for the benefit of such third parties, without regard to the benefit, ease or advantage of the debtor.

"The advantage to the third party, the promisor, is a sufficient valuable consideration to support a contract separate from and independent of the debt to be discharged."

And to like effect, delivering the opinion in *Voorhees v. Porter, supra, Associate Justice Walker* said: "But we think the case of *Mason v. Wilson,* 84 N. C., 51, 34 Am. Rep., 612, is directly in point. The doctrine there stated is that if a third person promises the debtor to pay his antecedent debts in consideration of property placed in the hands of the promisor by the debtor for the purpose, which is afterwards converted into money, the creditors may recover on the promise or for money had and received, 'for although,' says the Court, 'the promise is in words to pay the debt of another, and the performance of it discharges that debt, still the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an original and distinct cause of action'; and it is immaterial, as is further said by the Court, whether the liability of the original debtor is continued or not, the promise being an independent and original one founded upon a new consideration and binding upon the promisor. In our case, though the property was not received for the purpose of being converted into money in order to pay the debt out of the proceeds, the promise to purchase it at a fixed price and to pay the amount of that price to the creditors of the vendor amounts to the same thing, and brings our case within the principle of the third class mentioned in *Mason v. Wilson* (which authorizes the creditor to sue directly), namely, 'when the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the original contracting parties.' In such a case the creditors may sue the promisor, whether his debtor remains liable to him or not."

In the case before us the defendant company had a direct pecuniary interest in the work to be performed by plaintiff, and received the benefit of it, and its obligation comes clearly

within the first principle as it appears in *Emerson v. Slater, supra,* and we see no reason why the promise of defendant does not come also within the second principle referred to. The company's agreement was, in effect, to see the claim paid out of the amount to be earned under the contract by L. L. Wood, the original debtor. This was entered into with the sanction and approval of Wood, and, as this amount was earned by Wood, it would seem to become a fund applicable, by the agreement, to plaintiff's debt, and affording the consideration to support the company's promise as a new and original obligation.

There is no error in the rule laid down by the court which gives defendant any just ground of complaint, and the judgment in plaintiff's favor is affirmed.

No error.