### MRS. G. W. PARTIN v. R. E. PRINCE.

(Filed 16 October, 1912.)

**1. Contracts—Guaranty—Consideration—Statute of Frauds.**

When one at his own request receives money for investment from another, saying "he would guarantee it to be safe, and that the investor could look to him for the amount," and not to the borrower, and acts independently of the investor in making the loan, the transaction does not come within the statute of frauds, for at the time of the guarantee there was no other debt contracted, the only contract, at that time, being one of guarantee between the parties, separate and distinct from the obligation of a principal debtor, and the faith of the investor in the guarantee was a sufficient consideration.

**2. Same—Contemporaneous Transactions.**

When one receives money from another to be invested by him under his promise to guarantee its safety, the contract of guaranty being contemporaneous with the principal debt requires no other consideration to support it and does not fall within the meaning of the statute of frauds. It is otherwise if the guarantee is made afterwards without any new consideration.

**3. Contracts—Guaranty—Consideration—Interests—Statute of Frauds.**

When one receives for investment money for another upon his guarantee that the investment proposed was. a safe one, and assumes personal responsibility therefor, and it appears that the one receiving the money invested it in a concern for which he was doing business locally, his pecuniary interest in the local business wherein he was interested is a sufficient consideration to support the guaranty.

APPEAL by plaintiff from *Bragaw, J.,* at April Term, 1912, of WAKE.

Civil action. At the conclusion of the evidence, a motion to nonsuit was sustained. The plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*W. B. Snow and J. W. Bunn for plaintiff.*
*No counsel for defendant.*

BROWN, J. The plaintiff sued to recover $500 which the defendant procured from the plaintiff for the purpose of investigating the same. The plaintiff claimed that the defendant promised to guarantee the investment at the time the money was placed in his hands at his request; that the defendant had the use and control of the money without any direction from the plaintiff, and that this formed a consideration which supported the guaranty.

The defendant claimed that the transaction, upon the plaintiff's own showing, was a promise to answer for the payment of the debt of another, and not being in writing, it comes within the statute of frauds and is void. His Honor being of opinion with the defendant, sustained the motion to nonsuit.

The plaintiff supports her alleged cause of action with a written guaranty contained in a letter of the defendant to the plaintiff, dated 8 November, 1906. The plaintiff testified that the defendant came to see her and told her that he heard that she had some money, and he desired to know if she wanted to lend it out, saying that he could invest it better out of the State, as then she would not have to pay taxes on it.

The plaintiff testified the defendant went to see her several times and each time endeavored to persuade her to let him invest the money. She at first refused, because she did not want it invested away from home. The last time the defendant came he said if she would let him have it, "he would guarantee it to be safe, and that she could look to him for the amount, and not to these other men."

It appears that upon the faith of that guaranty the plaintiff let the defendant have $500. The statements of the plaintiff

are fortified and corroborated by the letter of 8 November,
1906. The defendant offered no evidence.

In our view his Honor erred in supposing that this trans-
action, if the evidence is taken to be true, presents the ordinary
case of a promise to answer for the debt of another. At the
time of this transaction there was no other debt contracted.
The only contract that had been made was between the plaintiff
and the defendant, and that contract is a guaranty, that is to
say, an obligation of the guarantor, and separate and distinct
from the obligation of a principal debtor. *Carpenter v. Wall,*
20 N. C., 144; *Coleman v. Fuller,* 105 N. C., 328; Tell on
Guaranties, 1; Smith on Mercantile Law, 277.

We think that the fact that this money was placed in the
hands of the defendant at his request, and that he was given
absolute control over it upon the faith of his promise to guar-
antee its safety, is a sufficient consideration to support the con-
tract; but we doubt if any consideration is necessary, for where
the contract of guaranty is contemporaneous with the principal
debt, no other consideration is necessary, because the contract
is founded upon the consideration existing between the par-
ties. It is otherwise if the guaranty be made afterwards with-
out any new consideration. *Green v. Thornton,* 49 N. C.,
231.

It appears further in the evidence that the defendant in-
vested this money in a New Jersey concern without consulta-
tion with the plaintiff, who evidently relied entirely upon his
guaranty, which concern was doing business in Raleigh and the
defendant was its agent or representative.

If a consideration is necessary, the pecuniary interest of the
defendant in the transaction is a sufficient consideration to
support the guaranty. *Whitehurst v. Hyman,* 90 N. C., 487;
*Dale v. Lumber Co.,* 152 N. C., 651; *Peele v. Powell,* 156 N. C.,
558; and *Whitehurst v. Padgett,* 157 N. C., 424.

We think his Honor erred in sustaining the motion to nonsuit.

New trial.