## COVINGTON LUMBER CO. vs. AUGUST STEF.

### Syllabus.

1. The rule that parole evidence shall not be admitted to contradict or vary the terms of a written instrument, applies only in controversies between parties to the instrument, and not in controversies between a party thereto and a third person.

2. The rule that parole evidence shall not be admitted to prove a promise to pay the debt of a third person, has no application where the original debtor is discharged and a new debtor accepted in his stead.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 107,634. Honorable T. C. W. Ellis, Judge.

H. W. Robinson, for plaintiff and appellant.

W. S. Lewis, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff sues on an open account, and defendant pleads a novation of the debt, to-wit, that plaintiff agreed to discharge him and look for payment to one B. T. Toomer.

He undertook to prove that the account had been transferred on the books of the company under direction given by the said B. T. Toomer, president, general manager, and sole owner of all the stock in the plaintiff corporation, and the said account was transferred pursuant to a verbal agreement between himself and the said Toomer made at the time that he, the defendant, sold to the said Toomer his own holdings (being one-half interest) in the said corporation.

It was objected by plaintiff that the sale of stock by defendant to Toomer was in writing, that it made no mention of any assumption of plaintiff's debt by the said Toomer, and that parol evidence should not be received to contradict or vary the terms of the written instrument.

It was further objected that parol evidence should not be received to prove a promise to pay the debt of a third person.

The objections were properly overruled.

> "The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties to the instrument and those claiming under them. It has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other" * * * 19 Cyc., 749, citing numerous authorities.

The following cases and the authorities therein cited, are directly in point:

> O'Shea vs. New York, etc., R. R. Co.; 105 Fed., 559.
>
> Iron Co. vs. Greene, 88 Fed., 207.

And the rule that parol evidence shall not be received to prove a promise to pay the debt of a third person has no application where the original debtor is discharged and a new debtor substituted.

> Goodman vs. Chase, I Barnewall vs. Alderson, 297 (106 English Reprint, 110) Jenkins vs. Holley, 140 N. C., 379 (53 S. E. Rep., 237); See also, 20 Cyc., 186.

Moreover, in the case before us the parties had actually carried out their contemporaneous parol agreement by

transferring the account in the books of the corporation. And parol evidence was certainly admissible to prove that fact, and the reason for it.

Thus in **Edson vs. McGraw, 37 An., 294,** parol evidence was admitted to show the manner in which parties had acted and construed their own rights under a written instrument, although that construction was directly at variance with the terms of the instrument and in accord with a contemporaneous verbal understanding between them.

It was further urged that the substitution of debtors was never assented to by the directors of the plaintiff corporation; but a mere inspection of the minute book shows that the directors held practically no meetings at any time (not even to declare dividends, or approve the removal of the whole plant to another location) but left the affairs of the corporation entirely in the hands of said Toomer, who after all was the only person interested.

On the merits it is not denied that part of the consideration of the stock transfer was the release of plaintiff's indebtedness to the corporation and its assumption by Toomer. It is claimed, however, that this was conditioned upon the prices to be obtained for certain lumber then ready for sale.

But at the time of this assumption and for some two months thereafter, when the account was actually transferred, the price which might have been obtained for the lumber, was all that was contemplated.

It was only afterwards that the price of lumber fell and if the other parties chose to hold the lumber in the hope of a further increase in the price, it was their concern and not that of defendant, that it lost instead of gaining in value.

— 239 —

It is well to state, however, that defendant denies that any such condition was attached, and the trial Judge thought that the preponderance of evidence was against it.

In conclusion, it may be said that we have treated this case as if the transaction relative to stock was had with B. T. Toomer; in point of fact that transaction was had with his wife acting with his authority. But it is shown that Toomer and his wife were residents of this State, and it is nowhere shown that they were separate in property or that the wife had any property of her own. Accordingly the transaction concerned the "community," and during the marriage the community is the husband.

Judgment affirmed.

Opinion and decree, March 15th, 1915.