HASTY MERCANTILE COMPANY v. E. W. BRYANT.

(Filed 5 December, 1923.)

**Statute of Frauds—Debtor and Creditor—Debt of Another—Parol Promise—Consideration—Direct Obligation of Promissor.**

Where the landlord receives of his tenant cotton the latter has raised on the lands, under the parol promise to store it until the price should go higher, and to pay his debts, and has also later promised a creditor to pay his tenant's debt to him, the promise so made is not one to pay the debts of another, but is a direct obligation of the landlord to pay the debt, founded upon a sufficient consideration, that he would pay it out of the proceeds of the sale of the cotton placed by his tenant in his hands, and does not fall within the provisions of the statute of frauds, C. S., sec. 987, requiring the agreement to be in writing and signed by the party to be charged.

APPEAL by plaintiff from *Harding, J.,* at June .Term, 1923, of SCOTLAND.

Civil action. The material allegations, as stated in the plaintiff's complaint, are as follows:

(1) That during the year 1920, and prior thereto, Frank McLeod lived upon and worked the lands of the defendant as a tenant of the defendant, and while so living and working the said lands of the defendant the said Frank McLeod purchased from the plaintiff certain goods, wares and merchandise of the value of four hundred eighty-six and 45-100 dollars ($486.45), which amount the said Frank McLeod agreed to pay for the said goods, wares and merchandise, but which has not been paid.

(2) That among the crops raised upon the said lands of the defendant during the year 1920, the said Frank McLeod raised a crop of cotton from which has been gathered more than fifty bales of cotton, all of which the defendant, by agreement with the said Frank .McLeod, as hereinafter stated, has stored. That during the early part of the gathering season of 1920, when the price of cotton was high but gradually declining, the. said Frank McLeod wanted the said cotton sold as it was gathered in order to pay his debts, and requested the defendant to sell the said cotton; that thereupon the defendant suggested that he, the defendant, would store all of said cotton and hold the same for better prices, and promised that he, the defendant, would pay certain accounts and debts of the said Frank McLeod, the debt owing to the plaintiff, as hereinbefore alleged, being one of the said accounts, and would carry the accounts until the said cotton should be sold. That upon the promise of the defendant to pay the said debt which the said Frank McLeod owed to the plaintiff, the said Frank McLeod agreed

for the defendant to hold all the said cotton, and the said cotton has been stored by the defendant.

(3) That, subsequent to the said agreement made between the defendant and the said Frank McLeod, the said Frank McLeod advised the plaintiff of the agreement of the defendant to pay the said debt to the plaintiff. That thereafter, during the first week of October, 1920, the agent and general manager of the plaintiff's business approached the defendant relative to the said agreement between the defendant and the said Frank McLeod, and the defendant thereupon promised and agreed to pay immediately to the plaintiff the said debt which Frank McLeod owed, and requested that he, the defendant, be advised as to the amount thereof. That subsequent thereto Frank Carmichael, the agent and general manager of the plaintiff, advised the defendant that the amount of the debt was four hundred eighty-six and 45-100 dollars ($486.45), and the defendant again promised to pay the said debt.

(4) That from and after the time the defendant promised plaintiff that he, the defendant, would pay the said debt, the plaintiff ceased to look to the said Frank McLeod for the payment of the said debt, but looked to and held the defendant solely responsible therefor, and continues to look to and hold the defendant solely responsible for the payment of the said debt.

Plaintiff prays judgment for $486.45 and interest.

The defendant denied all the allegations of the complaint except:

"That during the year 1920 and prior thereto Frank McLeod lived upon and worked the lands of this defendant as a tenant of this defendant. That Frank McLeod raised and gathered more than fifty bales of cotton upon the said land, and that all of said cotton was stored. That the agent and general manager of the plaintiff's business approached the defendant in regard to the account against the said Frank McLeod, stating that the account was around $400." The defendant especially denies that he promised and agreed to pay the plaintiff the account against the said Frank McLeod.

The testimony of the tenant of the defendant, Frank McLeod, and that of Frank Carmichael, manager of the plaintiff, Hasty Mercantile Co., tended to support the allegations of the complaint. The evidence to prove the allegations was objected to by defendant, and plaintiff excepted. At the close of the plaintiff's evidence defendant made a motion to nonsuit, which the court allowed, and plaintiff excepted and appealed to this Court.

*W. H. Weatherspoon and G. H. Russell for plaintiff.*
*George T. Goodwyn and Cox & Dunn for defendant.*

CLARKSON, J. There is only a single legal question involved in this case: Do the allegations of the complaint, on a trial of this cause, if proven to be true, constitute a good cause of action and entitle plaintiff to recover of the defendant? We are of the opinion that the allegations in the complaint constitute a good cause of action.

The defendant relies on the statute of frauds, as follows: "No action shall be brought whereby to charge an executor, administrator or collector upon a special promise to answer out of his own estate or to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized." C. S., 987.

We do not think the statute applicable, if the facts are proven as alleged in the complaint. It is well settled that if "A. is indebted to B. and puts money in the hands of C. to pay B., then B. may sue C. for money had and received."

In the case of *Threadgill v. McLendon,* 76 N. C., 24, similar in many respects to the instant case, Threadgill, the plaintiff, was the merchant, and the debt was contracted by the tenant of McLendon, for fertilizer and supplies which were furnished the tenant. In that case, the court below charged the jury "If they should find that the defendant received cotton enough to pay himself and to leave a balance, and that, having so received the cotton, promised the plaintiff to pay the tenant's account, the plaintiff would be entitled to recover to an amount sufficient to pay said account; otherwise the defendant would not be liable." In that case *Pearson, J.,* said that "the defendant was bound by his direct promise to pay, after he had taken the cotton crop into possession, and had in his hands the means out of which to pay the plaintiff's account— cotton being a cash article and convertible at pleasure into money."

The same judge, in *Stanly v. Hendricks,* 35 N. C., 87, says: "The principle is this: When, in consideration of a promise to pay the debt of another, the defendant receives property, and realizes the proceeds, the promise is not within the mischief provided against, and the plaintiff may recover on the promise, or in an action for money had and received. For, although the promise is, in words, to pay the debt of another, and the performance of it discharges that debt, still the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an original and distinct cause of action." *Hall v. Robinson,* 30 N. C., 56; *Draughan v. Bunting,* 31 N. C., 10; *Mason v. Wilson,* 84 N. C., 51; *Whitehurst v. Hyman,* 90 N. C., 490; *Voorhees v. Porter,* 134 N. C., 604; *Deaver v. Deaver,* 137 N. C., 244; *Jenkins v. Holley,* 140 N. C., 380; *Satterfield*

*v. Kindley,* 144 N. C., 461; *Dale v. Lumber Co.,* 152 N. C., 654; *Peele v. Powell,* 156 N. C., 557; *Whitehurst v. Padgett,* 157 N. C., 428; *Parker v. Daniels,* 159 N. C., 518; *Craig v. Stewart,* 163 N. C., 533; *Handle Co. v. Plumbing Co.,* 171 N. C., 502; *Rush v. McPherson,* 176 N. C., 567; *Deal v. Wilson,* 178 N. C., 605; *Rector v. Lyda,* 180 N. C., 578. See cases at this term: *Parlier v. Miller, ante,* 501; *Way v. Transportation & Storage Co., ante,* 224.

Applying the law to the facts in this case, we are of the opinion that the court below erred in ruling out the evidence and granting the nonsuit.

Reversed.