### GREENVILLE ICE AND COAL COMPANY v. H. C. VENTERS.

(Filed 29 September, 1926.)

**Contracts—Statute of Frauds—Direct Obligation to Pay Debt of Another.**

An original or direct promise to pay for a commodity or merchandise on the order of the promissor does not fall within the meaning of our statute of frauds, requiring the promise to be in writing to bind the promissor.

CIVIL ACTION, tried before *Nunn, J.,* and a jury, at May Term, 1926, of PITT.

The plaintiff instituted an action against the defendant to recover the purchase price of certain coal sold by the plaintiff to the defendant, but delivered to the Greenville Shelmardine Railroad. There was evidence tending to show that the defendant came to the office of the plaintiff and requested the plaintiff to furnish to the railroad such coal as might be required, and that he would pay therefor. The defendant denied that he had made any such contract with the plaintiff, but that the coal had been purchased for the use of a railroad in which the defendant was interested, and the debt was the obligation of the railroad.

BLADES v. PICKLES.

Issues were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict the defendant appealed.

*Albion Dunn for plaintiff.*
*L. W. Gaylord for defendant.*

PER CURIAM. The only question of law presented is whether or not the debt was the original obligation of the defendant or whether he was secondarily liable thereon.

The only exception in the record is to an excerpt from the charge of the trial judge as follows: "Ordinarily, when you become responsible for another's debt, the contract must be in writing, but, if the promise is made before the goods, in this instance coal, is supplied, it need not be in writing."

The next paragraph in the judge's charge is as follows: "So, if you find by the greater weight of the evidence, the burden being on the plaintiff, by the greater weight of the evidence, that the defendant promised and agreed to pay for such coal as plaintiff furnished to the railroad company, your answer to the first issue would be yes."

It is too well established to require a citation of authorities that the charge of the court must be construed as a whole and in its entirety. The statute of frauds does not apply to an original obligation of the promissor. *Novelty Co. v. Andrews,* 188 N. C., 59; *Jenkins v. Holley,* 140 N. C., 379; *Peele v. Powell,* 156 N. C., 553.

The trial judge properly left with the jury the determination of the question as to whether the defendant expressly promised to pay the debt in litigation. The jury has determined that issue in favor of the plaintiff.

No error.