This is an action in the nature of a creditors' bill instituted by the plaintiffs on behalf of themselves and all other creditors of J. W. Walker, against the defendants, J. W. Walker and certain of his creditors. On motion of plaintiffs, D. H. Tillett was appointed receiver of the defendant, J. W. Walker, and is now engaged in the performance of his duties as such receiver.
After the action was begun, and while it was pending, Mrs. Frankie Maxwell presented to the receiver her claim against the defendant, J. W. Walker. The claim was not allowed by the receiver. She then filed her petition in this action, which is as follows:
"Your petitioner, Mrs. Frankie Maxwell, respectfully requests that she be made a party plaintiff in this action, and alleges:
1. That the Merchants and Manufacturers Bank is a corporation and was at the dates hereinafter alleged doing a general banking business.
2. That J. W. Walker is and was at the dates hereinafter alleged, and has been for many years, president of said corporation and is and was at said dates the holder of a large amount of the capital stock of said corporation and is and was at said dates financially interested in said bank to a large amount, and is and was endorser on a large amount of notes, certificates of deposit and other bills of said bank, as your petitioner is informed and believes.
3. That during the years 1930 and 1931, your petitioner had on deposit in said bank a large amount of money, to wit: approximately the sum of $8,629.42, on time deposit, and that during the latter part of 1930, or early part of 1931, the petitioner presented her certificates *Page 18 
of deposit to said bank for payment, and that said bank and J. W. Walker, its president, invoked the clause in said certificates requiring 30 days notice of intention to withdraw her money from said bank; that petitioner duly gave notice and that before the expiration of said notice, and after said expiration, the petitioner had several conversations with said J. W. Walker regarding the withdrawal of said money, in which said conversation said J. W. Walker informed petitioner that if she withdrew said money, it would cause him and the bank great financial embarrassment and would probably cause him great loss personally, and that said J. W. Walker proposed to her that if she would leave said money in the bank he would become personally responsible therefor, and would execute and deliver to her a mortgage on his property in Cherokee County, North Carolina, and elsewhere, and recounted to and told her of the great value of his property, including a farm in Cherokee, and other large holdings there, also a boundary of timber land in another county, and after a great deal of persuasion, and believing that said J. W. Walker was financially reliable and amply solvent, and relying on his promise to become personally responsible and to secure the said sum by mortgage as aforesaid, your petitioner did leave her money in said bank, and that said bank failed and its affairs were taken over by the State Banking Department, and as affiant is advised and believes a large portion of said money, if not all, is a total loss to her insofar as the liability of said bank is concerned.
Your petitioner is advised and believes, and so avers the facts to be, that at the time of making said promises and representations to her in order to secure said money that J. W. Walker knew that if your petitioner withdrew her money from said bank, that same would have to close its doors, and that he would become liable on all his endorsements and liabilities to said bank and its stockholders and depositors and creditors, and believing that if petitioner left her money in said bank, it could in time work out all its affairs and thereby save said Walker from any personal responsibility, and that for his own individual personal interest as aforesaid, he made the promises aforementioned to your petitioner, and that she relied upon said promises and left her money in said bank to her great damage.
4. That the defendant, J. W. Walker, has failed and refused to comply with the aforesaid promises made to your petitioner and denies personal responsibility to your petitioner for the said money.
5. Your petitioner is advised and believes that an action entitled as above has been commenced in the Superior Court of Cherokee County for the purpose of settling the claims against J. W. Walker, and to have a receiver appointed to take charge of and sell his property, or so *Page 19 
much thereof as may be required to pay said claims, and that D. H. Tillett has been appointed receiver by the court in said action for said purpose.
6. That your petitioner filed her claim with said receiver, and that same has been disallowed.
Wherefore, your petitioner prays that she may be allowed to litigate her claim in this action, and may have a jury to pass on such issues as are raised herein, that said J. W. Walker be required to execute the said mortgage as promised, or that she be allowed to share in the proceeds of said property if the court is of the opinion that she is not entitled to said mortgage or a judgment adjudging that her claim has priority against said property, and excepts to the finding of the receiver against her claim, and appeals to the judge of the Superior Court."
In his answer to the petition, D. H. Tillett, receiver of J. W. Walker, denied the allegations therein that the said J. W. Walker contracted and agreed with the petitioner that he would become personally responsible for the money on deposit with the Merchants and Manufacturers Bank to the credit of the petitioner, if she would not withdraw said money from said bank, and that he would execute a mortgage on his property to secure the payment of the said money; he also pleaded in bar of petitioner's right to recover on the contract and agreement alleged in the petition the statutes of fraud, C. S., 987, and C. S., 988.
At the trial there was evidence tending to sustain the allegations in the petition, and evidence to the contrary. There was no evidence that the agreement alleged in the petition was in writing, or that there was a memorandum or note, in writing, of such agreement.
The issues submitted to the jury were answered as follows:
"1. Did Mrs. Frankie Maxwell have on deposit in the Merchants and Manufacturers Bank the sum of $8,629.49, at the time of the alleged contract between Mrs. Frankie Maxwell and J. W. Walker, mentioned in the complaint? Answer: Yes.
2. Did J. W. Walker enter into an agreement with Mrs. Frankie Maxwell to become personally liable to her for the amount of her deposit in said bank, and to secure the payment thereof by mortgage on his property after the plaintiff had asked for her money in the bank and after she had served written notice of her intention to withdraw her money 30 days from the date thereof, as alleged in the petition? Answer: Yes.
3. If so, did J. W. Walker breach said contract? Answer: Yes.
4. What damage, if any, is Mrs. Frankie Maxwell entitled to recover of the defendant, J. W. Walker, or the receiver of J. W. Walker, by reason of said alleged breach? Answer: $8,629.49." *Page 20 
From judgment on the verdict that the petitioner recover of the defendant, J. W. Walker, the sum of $8,629.49, and her costs in this action, and that said judgment is a valid claim against the receiver of the said J. W. Walker, and as such is entitled to share pro rata with other unsecured claims in the proceeds of the sale of his property, the defendant, J. W. Walker, and D. H. Tillett, receiver, appealed to the Supreme Court.
There was no error in the trial of this action.
The defendants contended at the trial that the agreement of the defendant, J. W. Walker, with the plaintiff, as alleged in the petition, and as shown by the evidence offered by the plaintiff, is a special promise by the defendant to answer the debt, default, or miscarriage of the Merchants and Manufacturers Bank, and that as such agreement was not in writing, or evidenced by a memorandum, or note, in writing, signed by the defendant, or by some person thereunto lawfully authorized by him, the action to charge the defendant upon such special promise cannot be maintained. In support of this contention, the defendants relied on C. S., 987.
The contentions of the defendants were presented (1) by their demurrerore tenus to the petition; (2) by their objections to evidence offered by plaintiff; and (3) by their motions for judgment as of nonsuit at the close of all the evidence. The defendants duly excepted to the refusal of the trial court to sustain their contentions, and on their appeal to this Court rely on these exceptions.
The promise of the defendant, J. W. Walker, to the plaintiff, as alleged in the petition, and as shown by evidence offered by the plaintiff at the trial, was supported by a new and independent consideration. The promise was accepted by the plaintiff, who thereafter made no demand on the bank for her money. The agreement was an original undertaking by the defendant, in his own interest and not in the interest of the bank. For these reasons, the agreement is not within the provisions of C. S., 987. See MercantileCompany v. Bryant, 186 N.C. 551, 120 S.E. 200. There was no error in the refusal of the trial court to sustain defendant's demurrer ore tenus to the petition, or their objections to the evidence offered by the plaintiff, at the trial. The evidence was properly submitted to the jury, under instructions which are free of error. The judgment is affirmed.
No error. *Page 21