Pearson, J.
 

 We concur with his Honor, that an action cannot be maintained upon the parol promise of indemnity. That is void by the Statute of Frauds. Underwood was under a legal liability to indemnify the plaintiff, as his surety, and the promise, superadded by the intestate, comes within the words and meaning of the Statute ; it is a promise to answer for the default of another, and there being a consideration makes no difference ; it required no statute to make void a promise not founded upon a consideration.
 

 The true test is, has the plaintiff a cause of action against another, to which the promise in question is super-added ? If so, the statute applies. But, if there is no debt for which another is already or is about to become answerable to the plaintiff, or if the debt of the other is discharged and the promise in question is substituted, the statute does not apply ; as when a creditor discharges a debtor, who is in custody, upon a promise of a third person to pay the debt, the original cause of the action is gone by the effects of the discharge ; the new promise is
 
 substituted.
 

 We are of opinion that the effect of the release was misconceived. So far as there was a cause of action arising from the relation of co-suretyship under the act of 1837, the release to the principal'is a bar; for a suret3, who seeks to recover from a co-surety a rateable part of
 
 *13
 
 money paid, must take care to do no act, which will prevent the co-surety from having recourse against the principal ; in as much as his right to contribution involves the duty of transferring to his co-surety a right to recover from the principal the amount, which he is called upon to pay. If, therefore, he releases the principal, it is a discharge of the co-surety.
 

 The case must be viewed, as if no promise of indemnify had been made, for that is void by the statute ; and so if no relation of co-suretyship had existed, for that is destroyed by the release.
 

 There is, however, a fact in this case, to which the attention of the learned Judge seems not to have been called, which entitles the plaintiff to recover upon the count for money paid, and as the non suit was submitted to, from the intimation of his Honor, that the plaintiff could not recover upon the facts stated, the judgment must be reversed.
 

 The intestate received property from Underwood, sold it, and acknowledged that “he had in his hands funds to discharge the debt.” As soon as the intestate received the money, the bank, although it had a cause of action on the note, had a new and distinct cause of action against the intestate, upon a promise implied by law from the receipt of the money to pay the debt.
 

 It is well settled that if A. is indebted to B. and puts money in the hands of C. to pay B., B. may sue C. for money had and received. 1
 
 Chitty’s Pleadings, page
 
 4, and the cases there cited.
 

 The plaintiff, who was forced to pay the bank, can truly allege that he has paid money which the intestate was under legal liability to pay, in consequence of the receipt of the money, and this, according to the authorities, gives him the equitable action, as it is termed, for money paid to the use of the intestate,
 
 (Smith’s leading cases,
 
 1 vol. 55, note and cases cited.) It cannot be ob
 
 *14
 
 jected that the plaintiff paid the money officiously, and falls under the rule, that no one can make another his debtor without his consent; for as his surety on the note he was liable to the bank, and has been forced to pay a debt, which the intestate ought to have paid.
 

 In
 
 Hall
 
 v.
 
 Robinson,
 
 8 Ire. 56, a surety, having paid a part of the debt out of his own funds, was held to b» en. titled to recover of a co-surety the amount placed by the principal in the hands of the latter to be applied to the debt, for the reason that “having received it to pay the debt he could not in conscience and ought not in law to keep ithe was, in fact, to that amount the
 
 real debtor.
 
 The cause of action did not arise out of the relation of co-suretyship and depend on the act of 1807, for the principal having provided funds could not be said to be insolvent, nor was the action for a rateable proportion. That ease, like the present, rested upon the broad principle, that the defendant, having raised money to pay a debt, which the plaintiff was afterwards forced to pay, was the
 
 debtor
 
 of the plaintiff.
 

 Pee Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded.