Pearson, J.
 

 One Yass ivas indebted to the plaintiffs $21. The defendant was indebted to Yass $46, and the defendant promised the plaintiffs to pay them the debt, due by Yass, when he should remove from a house of the defendant, in which he was then living. Yass afterwards moved out of the house, but the defendant did not pay the plaintiffs, and thereupon they issued a warrant to recover the amount.
 

 His Honor held that this promise did not come within the provisions of the Statute of Frauds. — -In this there is error.
 

 The question is settled, by the case of
 
 Draughan
 
 v
 
 Bunting,
 
 9 Ired. 10. We presume the attention of his Honor was nof called to it. It is there decided that, if the
 
 *87
 
 plaintiff has a cause of action against another, to which the promise sued on is superadded, the Statute applies, and to prevent its application, the debt of the other must be discharged, and the promise sued on be substituted for it. In this case, the debt of Yass was not discharged. — He continued the debtor of the plaintiffs, and the promise of the debt was superadded, and is a promise to pay the debt of another, within the very words of the Statute.
 

 It was said by the counsel for the plaintiff, that there was a
 
 new consideration
 
 for the promise of the defendant. Admit that Vass’s removing from the house did amount to a consideration, — the same case decides that makes no difference. It required, no Statute to make void a promise, not founded upon a consideration. It is only in cases where there is a consideration to support the pi'omise, that the Statute of Frauds must be called into action.'
 

 The counsel cited
 
 Thomas
 
 v
 
 Williams,
 
 21 E. Ch. 133,
 
 Edwards
 
 v
 
 Kelley,
 
 6 M. & S. 204,
 
 Casthing
 
 v
 
 Aubit,
 
 2 Est. 325, for the position, that a new consideration takes the promise out of the Statute. These cases, so far from conflicting with
 
 Draughan
 
 v
 
 Bunting,
 
 might, properly, have been relied on as authorities in support of the decision. The principle is this : when, in consideration of a promise to pay the debt of another, the defendant receives property, and realises the proceeds, the promise is not within the mischief provided against; and the plaintiff may recover on the promise, or in an action for money had and received. For, although the promise is, in words, to pay the debt of another, and the performance of it discharges that debt, still the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an
 
 original
 
 and
 
 distinct
 
 cause
 
 of
 
 action.— For instance, one holding property in trust to sell for certain creditors, finding that another creditor has an execu
 
 *88
 
 tion which overreaches his title, and gives a lien by a prior test, says to him, “ Permit me to go on and sell, and I will pay your debt/'
 

 Per Curiam.
 
 Venire de novo
 
 awarded.