Pearson, C. J.
 

 We do not concur with his Honor in the-view taken of the case.
 

 
 *355
 
 He left it to the jury to say “ whether the defendant had
 
 funds
 
 in his hands belonging to Barnett.” By this we are to understand
 
 property
 
 as distinguished from money; for there was no evidence that he had money in hand. On the contrary, the defendant, being made a witness by the plaintiff, swears that all of Barnett’s property was sold by one Howard, to whom Barnett had made a deed of trust.
 

 To entitle the plaintiff to recover it was necessary to show that the defendant had
 
 money
 
 of Barnett’s in his hands. The promise is to pay “ when I sell the property.”
 

 Draughan
 
 v.
 
 Bunting,
 
 9 Ire., 10, turns on the fact that Bunting had the cash in hand; and so in
 
 Stanly
 
 v.
 
 Hendricks,
 
 13 Ire., 85, it is assumed that the defendant had made sale and realized' the price.
 

 It is familiar learning' that, to maintain the action for money “ had and received,” or for money “ paid,” the defendant must have the money; indeed the very name given to these actions show that it must be so. See
 
 Page
 
 v.
 
 Einstein,
 
 7 Jon., 147. The suggestion that the defendant either had sold the property, or was guilty of gross
 
 laches
 
 in not selling in so long a time, cannot avail the plaintiff in this action, which Avas commenced before a single justice of the peace. Whether it would support an action of another kind is not now presented.
 

 We also think his Honor erred in intimating an opinion as to a matter of fact in regard to reconciling the testimony.
 

 Per Curiam.
 
 Venire de novo.