WALTER BREM, Trustee, v. JOHN W. COVINGTON.

*Assignment— Contract—Agency—Evidence— Consideration—*
*Interest—Parties—Pleading.*

C. being indebted to A. for a balance due on account of cotton sold on commissions, the latter, in writing, directed him to "give B. any money due us and let him receipt you for the same." B. presented the order when C. at first promised to pay, but afterwards refused, alleging that he had paid it in full: *Held—*

1. The fact that the payment by C. to B. would have relieved him of his liability to A. constituted a sufficient consideration to support an action upon his promise to pay.

2. That the order was, in effect, an equitable assignment of the balance due A., and could not be revoked by him without B.'s consent.

3. That, after notice, C. could not discharge his liability to B. by payment to A.

4. It was not necessary that C. should "accept" the order; and parol evidence that it was, in fact, an assignment of the debt was competent.

5. That interest should be computed on such balance from the day the order was presented.

6. That the fact the plaintiff sued as trustee when the sum was due him, individually, would not prevent his recovery.

This is a CIVIL ACTION, tried at February Term, 1889, of MECKLENBURG Superior Court, *Clark, J.,* presiding.

The defendant received, in the fall of 1883, from J. T. Allred & Co., considerable quantities of cotton to sell in the market, as their agent, and account for the proceeds, less certain sums of money to be due to him. The account thus raised was unsettled, and a balance being due to Allred & Co., they gave the present plaintiff an order for such balance, whereof the following is a copy:

"Please allow Mr. Brem to see a statement of our account in full, and give him any money due us, and let him receipt you for the same."

The plaintiff alleges that he presented this order to the defendant on or about the 9th of February, 1884, and the latter promised to pay him such balance as might be found, on an examination of his books, to be due to the makers of the order, but that he afterwards refused to pay. This action is brought to recover such balance, for an account to that end, &c.

The defendant denies that he so promised, and alleges that he paid all sums due to his principals, &c.

On the trial, the plaintiff testified, in his own behalf, that, on the 9th of February, 1884, he was trustee under a deed of trust made to him by J. T. Allred & Co. to secure certain creditors in said deed of trust mentioned; that witness himself was not of the creditors named in said deed; that one of the debts secured by the trust was due to Brem & McDowell, and that the "Brem" of said concern was the wife of witness; that the money or property in the hands of defendant was not part of the property conveyed in the deed of trust; that said deed was made before any of the cotton was received by defendant from Allred & Co.; that, on the said 9th of February, 1884, witness, as trustee in said deed of trust, went to the place of business of J. T. Allred & Co., and received from them the above-mentioned order, with the understanding that any money received by him thereon was to be credited on the debts secured by the trust deed; that witness presented this order to defendant on the day it was signed, viz., on said 9th of February, 1884, and defendant then told witness he would pay him any money that might be due Allred & Co. as soon as he could write up his books and get returns from a lot of cotton received from them which he had shipped to Wilmington; that defendant did not then show his books or accounts to witness, or make any statement thereof, but that, some time afterwards, witness met defendant in Charlotte and demanded the money

due him on the order, when defendant told him he had paid it all over to Allred & Co.

On cross-examination, witness said that he did not tell the defendant in what capacity he held the order, nor why it was given to him, nor whom witness represented.

On re-direct examination, the plaintiff's counsel asked the question, "In what capacity did you present the order to defendant?"

This question was objected to by defendant. Objection overruled, and defendant excepted; and witness answered that he presented the paper as trustee, but did not tell the defendant so, nor how he held the paper.

Defendant was offered as a witness in his own behalf, and was asked by his counsel the question, "What occurred between yourself and Allred & Co. after the plaintiff came to you with the paper, or order?"

This evidence was offered with the view of showing that, afterwards, Allred & Co. revoked the order, and that the defendant thereupon paid the money in his hands to Allred & Co.

The question was objected to by plaintiff. The Court held that there was no evidence tending to show that Brem was agent for Allred & Co., and, in the absence of such proof, the evidence offered was irrelevant, and it was thereupon excluded. Defendant excepted.

The defendant requested his Honor to charge the jury—

1. If the jury believe the evidence there was no consideration for the promise or undertaking of the defendant to pay to the plaintiff the amount due by defendant to Allred & Co., and the jury should respond to the first issue, No; that is, in favor of defendant.

2. That an acceptance of the order was necessary to create any liability on the part of defendant.

3. That, as plaintiff sues as trustee, and the order was given to to him individually, and any promise made to

plaintiff was made to him individually, there is a material variance between the allegations and the proofs, and the plaintiff cannot recover, and the jury should find the issue in favor of the defendant.

These prayers for instruction were refused, and the defendant excepted.

His Honor charged the jury:

"That if, on the 9th day of February, 1884, the plaintiff presented the order to the defendant, and the defendant promised to pay the same when his books were posted and he had received returns from the cotton sent to Wilmington, the plaintiff would be entitled to recover the sum of $347.22, less any sum the defendant had paid to Allred & Co. before notice of the order. It is not necessary in order to recover that the plaintiff should show that defendant accepted the order, as it was an equitable assignment of the funds in his hands belonging to Allred & Co., and if defendant paid any money to them after notice of the order he would still be liable to the plaintiff. The order being an equitable assignment, it can make no difference that Allred & Co. afterwards attempted to revoke it, and the defendant paid the money to them, provided he had notice of the order on the 9th day of February, 1884, as testified by Brem. The jury will allow interest on such sum as they may find to have been in defendant's hands on the day the order was presented, after allowing credit for any sum paid to Allred & Co. before that time."

Defendant excepted to his Honor's rulings and the charge.

There was a verdict and judgment therein for the plaintiff, and defendant appealed.

*Mr. G. F. Bason,* for the plaintiff.
*Mr. Platt D. Walker,* for the defendant.

MERRIMON, C. J.—after stating the case: The evidence objected to and embraced by the first exception was scarcely material or important, but if it could have become so, it was harmless, because the witness said no more than he had already said in substance—that he did not tell the defendant in what capacity he presented the order, although, in fact, he presented it as trustee.

The second exception to evidence is groundless, and for the reason stated by the Court below. There was no evidence to show that the plaintiff was agent of the makers of the order, or that they had power or authority arising in any way to revoke the same.

The Court properly declined to give the jury the special instruction asked for by the defendant. If that had been material, there was a consideration to support the promise of the defendant to act upon the order, and pay the balance referred to in it to the plaintiff, in that the order, in effecting the assignment of the balance, relieved him from further liability to the makers of the order, whose agent he was, as to any balance due from him to them. Nor was it necessary that the defendant should accept the order. It was an informal instrument, and was some evidence of an assignment of the balance mentioned therein in the hands of the defendant to the plaintiff. The order does not purport on its face to embrace, or embody, the whole contract of assignment of the balance of the money referred to in it to the plaintiff (it only embraces so much as affected the defendant), and it was competent to give oral evidence as to the assignment, in the absence of written evidence.

On looking to the complaint, we find that the allegations of the cause of action are comprehensive, and they do not confine the plaintiff to a recovery upon the order merely;.

104—38

he sues to recover the balance mentioned by virtue of an assignment thereof. That he may maintain such an action, under the present method of civil procedure, is well settled. *Ponton* v. *Griffin,* 72 N. C., 362; *Willis* v. *White,* 73 N. C., 484; *Moore* v. *Nowell,* 94 N. C., 265. And, for the reason just stated, the plaintiff might show that the assignment was made to him as trustee, and the purpose of the trust, if need be.

Obviously, if the balance mentioned in the order was assigned to the plaintiff, and the defendant had notice of such assignment, he could not pay it, or any part of it, to the makers of the order, because the indebtedness belonged to the plaintiff, and he alone had the right to accept money, or aught else, in discharge of it.

The instruction of the Court to the jury in respect to interest was substantially correct. The debt was due when the plaintiff presented the order to the defendant. It directed that payment be then made. As this was not then done, the defendant was at once chargeable with interest. *The Code,* § 530; *Devereux* v. *Burgwin,* 11 Ired., 490; *Farmer* v. *Willard,* 75 N. C., 401; *Patapsco* v. *Magee,* 86 N. C., 350; *Jolly* v. *Bryan, id.,* 457, and *McRae* v. *Malloy,* 87 N. C., 196.

Affirmed.