J. E. DUCKWORTH, Ad. c. t. a. of Thomas P. Jordan, v. HULDA ORR
and HANNAH ORR.

(Decided May 22, 1900.)

*Gift—Delivery, Actual, Constructive, Symbolical—By
Agent, Incomplete, Revocable—Burden of Proof—
Judge's Charge.*

1. Delivery is essential to a gift of personal property, whether *inter
   vivos* or *causa mortis.* It is a passing over the property with
   intent to transfer the right and the possession of the same.
2. Actual delivery is the general rule, to complete the gift—where
   impracticable, *constructive* delivery is sufficient in a certain class
   of cases. Symbolical delivery does not prevail in this State.
3. The failure of an agent to make the delivery previous to the prin-
   cipal's death, revokes the agency and the power to deliver the
   same after his death.
4. In a suit brought for the recovery of property as belonging to the
   testator against a defendant who claims the property as a gift
   from the testator, the burden of showing the gift and *delivery*
   of the property before the testator's death rested on the defend-
   ant.
5. Where there is a simple fact at issue between the parties, i. e.,
   whether the testator gave the money to the defendants, The Code,
   sec. 413, calls for no specific charge from the Court, in the
   absence of a special prayer for instructions.

CIVIL ACTION for the conversion of personal property
claimed to belong to the testator, tried before *Coble, J.,* at
Fall Term, 1899, of the Superior Court of TRANSYLVANIA
County.

The defendant, Hulda Orr, a sister of testator, at whose
house he lived and died, claimed the property, a large sum in
ready money, as a gift from her deceased brother, and that
was the matter in issue, which the jury found in favor of
plaintiff. Judgment accordingly. Appeal by defendant.

The incidents connected with the trial are considered in the opinion.

*Messrs. Tucker & Murphy,* and *W. W. Zachary,* for appellant.

*Mr. George A. Shuford,* for appellee.

FAIRCLOTH, C. J.   The main question is whether the plaintiff's testator gave and delivered to the defendant, Hulda Orr, during his life, the moneys in controversy.

It is shown and not denied that two years before his death Thomas P. Jordan removed to the house of his sister, the said Hulda, and remained there until his death, and that he carried with him $2,000 in gold, and $200 or $300 in other moneys.   It is admitted by the defendant that she had received and appropriated said moneys to her own use, but she claimed that her said brother had made an absolute gift to her of all his money.

The other defendant, Hannah, daughter of Hulda, testified that the said testator, before his death made a gift of all his money to her mother; that she had kept the money for her mother until after her uncle's death, when she removed it from the place where it was deposited.   Her language was, "It was kept in the house by me for my mother, and none of it was given away until after Uncle Tom died, when it was moved.   I moved it, and no one else had anything whatever in any manner to do with it nor handled it."

The issue submitted was:  "Did Hulda Orr and Hannah Orr, or either of them, wrongfully and fraudulently convert to their own use, or to the use of either of them, the moneys of the testator Thomas P. Jordan, as alleged in the complaint?"   The jury answered, "Yes, Hulda Orr."

There was evidence offered by the plaintiff tending to

prove that when the said Jordan moved to the house of the defendant Hulda, the said gold was put by him and the said Hannah Orr in a small room adjoining the room occupied by him and his wife, and that the gold remained there until after his death; that his other money was kept by him in a small box under his pillow until the day before his death, when he was supposed to be dying, when it was taken from under his pillow by Hannah Orr, and immediately after his death all his money was taken possession of by Hulda and Hannah, and used as their own. There was also other evidence. The verdict settles the matter unless there was error in the trial.

It does not appear, except as it is to be inferred from the verdict, whether the money was delivered to Hulda before or soon after the death of her brother. The burden of showing the gift and *delivery* of the property before the testator's death rested on the defendant. In the recent cases cited below, the whole question of the delivery of personal property, sufficient to pass title, was carefully and fully considered, and we deem it unnecessary to repeat the argument. It appears there that symbolical delivery does not prevail in this State, and that, in a certain class of cases, *constructive* delivery is sufficient when actual delivery is impracticable. Williams on Personal Property, 34. It is also held that delivery is essential to a gift of personal property, in *Noble v. Smith,* 2 Johns, 52, whether it be *inter vivos,* or *mortis causa.* This means passing over the property with intent to transfer the right and the possession of the same. *Newman v. Bost,* 122 N. C., 524; *Wilson v. Featherstone,* 122 N. C., 747; *Medlock v. Powell,* 96 N. C., 499.

The exceptions to the rejection of evidence are without force, as they refer to questions that were immaterial or incompetent under The Code, sec. 590.

The tenth exception was to the charge. His Honor told

the jury that the burden of showing a wrongful conversion was on the plaintiff; also, that if they should find that Thomas P. Jordan had money in his possession belonging to him when he went to the defendant's house, and said money was afterwards in possession of, and claimed by the defendant as a gift, then the burden was upon the defendant to prove such gift by the greater weight of the evidence.

Eleventh exception: His Honor instructed the jury that if said Jordan delivered the money in question to his own agent, with direction to deliver the same to Hulda Orr, and said agent failed to do so before the principal's death, then the death of Jordan revoked the agency and power to deliver the same after his death.

We do not observe any error in the 10th and 11th instruction, and those exceptions were properly overruled.

The eighth exception was that his Honor failed to "state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon," as required by sec. 413, of The Code. That section has been so often construed that it seems only necessary to apply its true meaning to individual cases, as they are presented. There was a simple fact at issue between the parties, i. e., whether the testator gave this money to the defendant Hulda. The principal evidence was that of the daughter Hannah, and the admission and claim of the defendant Hulda. The case clearly falls within the reasonable rule laid down by ASHE, J., in *Holly v. Holly,* 94 N. C., 96. The Code, sec. 413, does not require the judge "to charge the jury where the facts at issue are few and simple, and no principle of law is involved, unless he is requested to do so; but in cases where the witnesses are numerous, or the testimony conflicting or complicated, and different principles of law are applicable to different aspects of the case, it is his duty to conform to

the requirements of the statute." It would have been diffi-cult in the present case for the jury to fail to understand the single fact at issue and the bearing of the evidence thereon. Affirmed.