## CRAIG & WILSON v. STEWART & JONES.

(Filed 19 November, 1913.)

**1. Contracts—Debtor and Creditor—Order Upon Creditor—Equitable Assignment—Acceptance—Consideration.**

An order made by a creditor on his debtor to pay to another whatever amount may be due, is, when brought to the notice of the latter, an equitable assignment of the debt; and where the order is written, specifying a sum certain, and is accepted under an agreement that it will be paid to the extent of whatever amount may be due, an action may be maintained by the payee of the order upon its acceptance, not only treated as an equitable assignment, but as an original promise to pay, supported by the consideration of the release of the debtor from his former obligation and also of the amount ascertained to be due; the amount thus recoverable bearing interest from the date of the acceptance, if the money is then in hand. As to whether an unconditional acceptance by the drawee, when he owes nothing to the drawer of the order, falls within the statute of frauds, *Quœre.*

**2. Contracts—Debtor and Creditor—Acceptance—Trials—Evidence —Instructions—Appeal and Error.**

Where the plaintiff sues on the defendant's acceptance of an order made by a third person, and there is evidence only that the acceptance was upon condition that the defendant would pay whatever amount was due by him to the drawer, it is error for the judge to charge the jury upon the law, as if it was an unconditional acceptance (Revisal, sec. 535) ; and when this and a correct instruction upon the law of a conditional acceptance are so blended and applied to a single issue that the good one is inseparable from the bad, the error is reversible.

**3. Trials—Instructions—Issues—Harmless Error.**

Instructions to the jury should be addressed to specific issues, but *semble*, where the issues are simple, and, in view of other parts of the charge, they do not appear to have misled the jury, the error in this respect will not be held as reversible.

APPEAL by defendant from *Webb, J.,* at May Term, 1913, of GASTON.

This action was brought to recover an amount of money alleged to be due the plaintiffs on an order given by one N. L. Lancaster to them, and addressed to defendants, who, it is

claimed, were indebted to Lancaster for work and labor done. The order is not set out in the record, but we gather from the evidence that it required or requested defendants to pay the amount named in the order to plaintiffs. When the order was presented to defendants, they agreed to pay it "out of anything they owed Lancaster," or out of what might be due Lancaster by them," and this expression, in substance at least, runs through the whole of the evidence. The jury returned this verdict:

1. Are the defendants indebted to the plaintiffs? Answer: Yes.

2. If so, in what amount? Answer: $62.50.

The judge charged the jury that if the acceptance of the order by the defendants was unconditional, the defendants were bound to pay it, whether they owed Lancaster anything or not, and if they so found, their answer to the first issue should be "Yes," and to the second issue, "62.50"; or, if they found that it was accepted conditionally, that is, upon condition that defendants would pay it "out of any money that is due Lancaster by them," and they further find that, at the time they accepted the order, there was money due Lancaster to that amount, or that they owed Lancaster the amount after the day on which the order was presented, they should answer the first issue "Yes" and the second "$62.50"; but if they found that defendants owed him nothing, and the acceptance was conditional, their answer would be "No" to the first issue.

Exceptions were duly taken to these instructions and a motion for a new trial based upon them, and each of them, as erroneous, was overruled. Judgment and appeal by defendants.

*Carpenter & Carpenter for plaintiffs.*
*Mangum & Woltz for defendant.*

WALKER, J., after stating the case: There was error in the charge to the jury. After a careful examination of the evidence, we can find none which tends to prove that the acceptance of the order was unconstitutional. The testimony of the witnesses on both sides was to the effect that defendant agreed to pay the order, if they owed Lancaster, or whatever amount they owed

him. As there was no evidence to support the first branch of the instruction, as to the unconditional character of the acceptance, the judge should not have submitted that, as a phase of the case, to the jury. *Worley v. Logging Co.,* 157 N. C., 490. The trial judge should not charge the jury upon an aspect of the case which is not supported by the evidence. *Stewart v. Carpet Co.,* 138 N. C., 60; *Jones v. Insurance Co.,* 153 N. C., 388, and authorities therein cited. He is required "to state in a plain and correct manner the evidence, and declare and explain the law arising thereon." Pell's Revisal, sec. 535 and notes. If defendants accepted the order upon the condition that they would pay it, if they were indebted· to Lancaster in that amount, or that they would pay any amount owing to him, and it turned out that they did not owe him, there would, of course, be no liability to plaintiff; but if they did owe him, and the order was presented to them, or they were notified of it, and especially if they promised to pay it out of any money due Lancaster, they would be liable to the extent of the indebtedness, not exceeding, though, the amount of the order and accrued interest. *Brem v. Covington,* 104 N. C., 589. In that case it was held that the order, when duly brought to the notice of the defendant, was in effect an equitable assignment of the amount ordered to be paid, if so much was in the hands of the person upon whom it was drawn.

Plaintiff can recover also upon the acceptance of the order, not treated as an equitable assignment, if the defendant owed Lancaster, as the acceptance would constitute a promise to pay, founded upon a sufficient consideration, viz., the release of Lancaster, and the fact that they owed him, which would also support the promise to pay the amount thereof to the plaintiffs, instead of to Lancaster. *Brem v. Covington, supra; Mason v. Wilson,* 84 N. C., 51. The last case decides that the statute of frauds has no application where defendants had property of the debtor in their hands with which to pay the debt. If defendants owed Lancaster, plaintiffs will be entitled to recover, in addition to the principal amount, interest from the date on which the order was presented, if the debt to Lancaster was

then due. *Brem v. Covington, supra.* The jury were further instructed that if defendants "promised to pay it and accepted it, then they are bound, and the plaintiffs would be entitled to recover." This is erroneous, as there was no evidence to show an absolute promise, but only a conditional one, and besides, it is objectionable in form, as not addressed to any particular issue (*Farrell v. R. R.,* 102 N. C., 390; *Baker v. Brem,* 103 N. C., 72) ; but in a case like this one, where the issues are so simple, we would not grant a new trial on that account, as, in view of the other parts of the charge, it did not mislead the jury, but sufficiently directed their thoughts to the particular issue, though very general in form. The charge should be so framed as to bear upon the issues, and not confined to the right of either party to recover, as if the case was being tried upon the general issue.

The error first pointed out was of such a nature that it passed into the verdict and vitiated it, as we are unable to say under which instruction the jury answered the issues, and must presume, in such a case, that it was the erroneous one. This is the rule, where two instructions are so blended and applied to a single issue that the good one is inseparable from the bad. *Beam v. Jennings,* 96 N. C., 82; *Holmes v. Godwin,* 71 N. C., 306; *Rowe v. Lumber Co.,* 133 N. C., 433.

There also was evidence in this case that defendants owed Lancaster nothing at the time the order was presented or afterwards. They paid him $250, "in compromise and settlement," to get rid of him and in this way buy their peace, as he had threatened them with a lawsuit.

We need not consider the question whether an unconditional parol acceptance would be binding, as founded upon a sufficient consideration and not affected by the statute of frauds, as there is no evidence now of such a promise.

We have referred to *Mason v. Wilson,* where it is held that, if the drawee has money belonging to the drawer, the latter's promise to pay the debt of the former to a third person, who is his creditor, is an original and independent one, based upon a new consideration and binding upon the promisor, and not being, therefore, within the statute of frauds. *Justice Ashe,* in

CRAIG *v.* STEWART.

*Mason v. Wilson,* refers to what is said by *Chancellor Kent* in *Leonard v. Vredenburg,* 8 Johnson (N. Y.), 28, 39, which is as follows: . "There are, then, three distinct classes of cases on this subject, which require to be discriminated: (1) Cases in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor. Here, as we have already seen, is not, nor need be, any other consideration than that moving between the creditor and original debtor. (2) Cases in which the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, though the subsisting liability is the ground of the promise, without any distinct and unconnected inducement. Here must be some further consideration shown, having an immediate respect to such liability, for the consideration for the original debt will not attach to this subsequent promise. The cases of *Fish v. Hutchinson* (2 Wils., 94), of *Charter v. Beckett* (7 Term. Rep., 201), and of *Wain v. Warlters,* are samples of this class of cases. (3) A third class of cases, and to which I have already alluded, is when the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties. The two first classes of cases are within the statute of frauds, but the last is not. 1 Saund., 211, note 2." He then says: "In construing this statute (our act of 1819), it may be laid down as a general rule 'that a promise to answer for the debt, default, or miscarriage of another, for which that other remains liable, must be in writing to satisfy the statute of frauds; *contra,* when the other does not remain liable.' 1 Smith L. C., 371. But there are numerous exceptions to the rule." The learned justice also quotes with approval what is said by *Judge Pearson* in *Stanly v. Hendricks,* 35 N. C., 86: "The principle is this: When in consideration of the promise to pay the debt of another the defendant receives property and realizes the proceeds, the promise is not within the mischief provided against, and the plaintiff may recover on the promise or in an action for money had and received; for, although the promise is in words to pay the debt of another, and the performance of it discharges that debt, still

the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an *original* and *distinct* cause of action." The same principle was enforced in *Threadgill v. McLendon,* 76 N. C., 24; *Hicks v. Critcher,* 61 N. C., 353; *Hall v. Robinson,* 30 N. C., 56; *Draughan v. Bunting,* 31 N. C., 10, and more recently in *Voorhees v. Porter,* 134 N. C., 591, where it was held that a creditor may sue directly a party holding a fund which his debtor has dedicated to the payment of his obligation, the transaction not being within the statute of frauds, but the promise of the holder of the fund or property of the debtor being an original one and not merely superadded to that of the debtor, leaving the latter also liable. In the still more recent case of *Peele v. Powell,* 156 N. C., 553, *Justice Allen* classifies those cases within and those cases without the statute with fine discrimination, and it renders further discussion of the matter superfluous. For the error in the charge, the case must be tried again.

New trial.