FRANCES HEADEN v. BLUEBIRD TRANSPORTATION CORPORATION AND ELY-BLOODWORTH MOTORS, INC.

(Filed 19 May, 1937.)

1. **Automobiles § 24b—Taxi driver accepting fare for transportation of passenger is presumed to be acting in scope of employment.**

   Admissions and evidence to the effect that plaintiff telephoned defendant taxi company for a taxi, that a taxi with defendant company's name on its side called for plaintiff, and that she paid her fare to the driver for transportation to another part of the city, *is held* sufficient to be submitted to the jury on the question of defendant taxi company's ownership of the taxi and its employment of the driver, and that the driver was acting in the scope of his employment in driving plaintiff to the place designated.

2. **Trial § 22—**

   Upon motion to nonsuit all evidence tending to support plaintiff's claim is to be considered in its light most favorable to plaintiff, and she is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

3. **Automobiles § 12c—**

   Failure of a driver to stop before traversing a through street intersection, in violation of a city ordinance, is negligence *per se*.

4. **Trial § 32—**

   Where the charge of the court meets the requirements of C. S., 564, a party desiring a fuller charge must aptly tender request therefor.

APPEAL by Bluebird Transportation Corporation from *Warlick, J.*, and a jury, November Term, 1936, of GUILFORD. No error.

This is an action for actionable negligence brought by plaintiff against defendants, alleging damage. The defendants denied negligence.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant (Bluebird Transportation Corporation), as alleged in the complaint? Answer: 'Yes.'

"2. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: '$750.00.'"

The court below rendered judgment on the verdict. The Bluebird Transportation Corporation made many exceptions and assignments of error and appealed to the Supreme Court.

*Harry Rockwell and W. Henry Hunter for plaintiff.*
*H. R. Stanley for defendant Bluebird Transportation Corporation.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence the defendant Bluebird Transportation Corporation made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error. The plaintiff, at the conclusion of her evidence, submitted to a judgment of nonsuit as to the defendant Ely-Bloodworth Motors, Inc. This action is a simple one and devoid of complications.

The plaintiff alleged: "That on 30 January, 1936, at approximately 9 o'clock a.m., the plaintiff requested the defendant Taxi Company to transport her by means of one of its taxicabs, in the regular course of its business as a common carrier by taxicab, from her home at 916 High Street to another place in the city of Greensboro, in consideration of the payment by her of the advertised fare of 25 cents; that pursuant to said request the defendant Taxi Company did send one of its taxicabs to the home of the plaintiff for the purpose of transporting her as a paying passenger as aforesaid, and that the plaintiff then and there entered into said taxicab for the purpose aforesaid, and became and was accepted as a passenger by said defendant for the purpose aforesaid; and that at all times hereinbefore and hereinafter referred to the plaintiff was and has been ready, able, and willing to pay the fare charged by said defendant for the said transportation."

The defendant in its answer said: "It is admitted that on or about 30 January, 1936, the plaintiff requested the defendant Taxi Company to transport her from her home to another place in the city of Greensboro; all other allegations contained in article 2 of the complaint are denied."

The plaintiff testified, in part: "My name is Frances Headen. I live at 916 High Street, in the city of Greensboro, N. C. . . . On the morning of 30 January, of this year, I had occasion to call for a taxicab.

I called for a taxi around 9 o'clock to carry me to 1204 Madison Avenue. The taxicab came shortly thereafter. It was the automobile of the Bluebird Motor Company. I paid the fare of 25c."

The complaint, answer, and testimony of plaintiff are clear (1) that plaintiff called a taxicab, (2) that the taxicab came with a driver, (3) that it was the automobile of the Bluebird Transportation Corporation, (4) that the driver collected the fare.

The evidence which makes for plaintiff's claim, or tends to support her cause of action, is to be taken in its most favorable light for the plaintiff, and she is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

From all the evidence, complaint, answer, and testimony of plaintiff, the taxicab was that of the defendant Bluebird Transportation Corporation, the driver was an employee of the Bluebird Transportation Corporation, and about his master's business—in the scope of his employment. The plaintiff was a passenger and had paid her fare for the contemplated trip. *Sutton v. Lyons,* 156 N. C., 3 (5); *Lilley v. Cooperage Co.,* 194 N. C., 250 (252). While plaintiff was a passenger of defendant Bluebird Transportation Corporation, there was a collision at the intersection of Gorrell and Bennett streets in the city of Greensboro, N. C., between the taxicab and a truck of Ely-Bloodworth Motors, Inc. The taxicab on entering the intersection of Gorrell and Bennett streets was traveling on Bennett Street, about 25 miles an hour, and made no stop on entering Gorrell Street, as required by law. Plaintiff introduced the ordinance of the city of Greensboro, which reads, in part: "A vehicle shall be brought to a complete stop before entering or crossing a through highway. . . . The following streets within the corporate limits of the city of Greensboro are hereby designated as through highways: 'i' Gorrell Street from Asheboro Street to east corporate limits."

Louis French testified, in part: "The taxi did not slow up at all on approach to the intersection, nor as it entered it."

We see no error in the charge as to damages. If a fuller charge were desired, defendant should have asked for same. We think the charge, taken as a whole, in its entirety, fully sets forth the law applicable to the facts. The charge did not impinge C. S., 564. None of the exceptions and assignments of error made by defendant can be sustained.

In *Davis v. Long,* 189 N. C., 129 (137), it is said: "The case is not complicated as to the law or facts. The jurors are presumed to be men of 'good moral character and sufficient intelligence.' They could easily understand the law as applied to the facts."

On the record there is no prejudicial or reversible error. In the judgment there is

No error.