F. B. ROBINSON v. STANDARD TRANSPORTATION COMPANY AND
J. J. THOMAS,

and

MRS. VANCE HUDSON v. STANDARD TRANSPORTATION COMPANY AND
J. J. THOMAS,

and

RUBY BLACKBURN v. STANDARD TRANSPORTATION COMPANY AND
J. J. THOMAS,

and

ALVIN BLACKBURN v. STANDARD TRANSPORTATION COMPANY AND
J. J. THOMAS,

and

EARL BLACKBURN v. STANDARD TRANSPORTATION COMPANY AND
J. J. THOMAS.

(Filed 30 November, 1938.)

1. **Trial § 11—Court may consolidate several actions by different plaintiffs against same defendants when they involve same transaction and defense.**

The discretionary power of the trial court to consolidate actions for trial is not limited to actions between the same parties, but extends to actions by one plaintiff against several defendants, or by several plaintiffs

against one defendant when the actions grow out of the same transaction and have a common defense, and the consolidation of the several actions of the five occupants of a car against the driver and owner of the truck involved in the collision will not be held for error, since defendants suffer no prejudice precluding the exercise of the court's discretion.

2. **Automobiles §§ 10, 18g—Evidence raising inference that driver was on wrong side of highway held sufficient on issue of negligence.**

Plaintiffs' evidence tended to show that the driver of the car in which they were riding was driving in a careful and prudent manner at a moderate rate of speed on the right of the center of the highway at the time of the collision in suit. *Held:* The evidence, considered in the light most favorable to plaintiffs, supports an inference that the truck involved in the collision was not being driven on its right of the center of the highway at the time of the collision, sec. 10, ch. 148, Public Laws of 1927; Michie's Code, 2621 (53), and is sufficient to be submitted to the jury on the issue of negligence notwithstanding defendants' conflicting evidence as to the facts.

3. **Trial § 22b—**

On a motion to nonsuit, only the evidence favorable to plaintiffs is to be considered.

4. **Automobiles § 24c—Evidence held sufficient on issue of respondeat superior.**

Evidence tending to show that the driver of a truck was employed by the corporate defendant, and that at the time of the accident was returning after unloading the truck, is sufficient to support an inference that at the time the driver was "about his master's business" and is sufficient to be submitted to the jury on the issue of *respondeat superior.*

5. **Automobiles § 24d: Trial § 30—Instruction held for error in failing to explain doctrine of respondeat superior arising upon the evidence.**

Plaintiffs sought to recover against the corporate defendant under the doctrine of *respondeat superior* upon evidence tending to show that the driver of the truck at the time of the collision was engaged in the scope of his employment. *Held:* The liability of the corporate defendant arising through the agency of the servant is a substantive feature of the case arising on the evidence, and is not a simple or self-explanatory principle of law, and the failure of the court to instruct the jury on this phase of him and involving his contentions. C. S., 564.

6. **Trial § 30—Instruction held for error in failing to refer to individual defendant and treating cause as solely against corporate defendant.**

In this action against a corporate defendant and an individual defendant the trial court did not directly refer to the individual defendant anywhere in the charge, and in effect charged the jury as though the corporate defendant were the sole party sued. *Held:* The individual defendant is entitled to a new trial for failure of the charge to declare and explain the law arising upon the evidence as it related individually to him and involving his contentions. C. S., 564.

7. **Appeal and Error § 6f—**

The exception of the individual defendant to the charge on the ground that it failed to refer to him directly, but treated the cause as though it

were solely against the corporate defendant, is not a "broadside" exception, since it refers to a definite distinguishable feature, sufficiently pointed out, running throughout the charge.

**8. Appeal and Error § 41—**

When a new trial is awarded upon certain exceptions, other exceptions relating to matters not likely to arise on the subsequent hearing need not be considered.

DEVIN, J., concurring in result.

BARNHILL and WINBORNE, JJ., concurring in concurring opinion. ·

APPEAL by defendants from *Frizzelle, J.,* at March-April Term, 1938, of SAMPSON. New trial.

The evidence in this case tends to show that the several plaintiffs named were riding in a Plymouth automobile, driven by F. B. Robinson, on State Highway No. 23, two or three miles southwest of Smithfield and in the direction of that town, approaching a bridge across the highway. At this time a truck of the defendant Transportation Company, used in distributing oil, and driven by defendant J. J. Thomas, was coming over the bridge. This truck was of the trailer type. The cars finally collided, either upon the bridge or immediately on the approach thereto.

The exact circumstances attending the collision are in dispute. The plaintiffs' evidence tends to show that as defendant's truck got off just inside the guard rails some part of the rear of the truck struck the back end of plaintiff's car and mashed it into the wall, knocking the housing back in; that the collision with the truck rendered the Plymouth car incapable of guidance and threw it around on the road, and that the left rear wheel came in contact with the truck; that the collision threw plaintiff's car around—the back end of it to the right—and when the car made the turn the right rear wheel struck the post of the guard rail on the left and bent it over; that the car then made a half turn, whirled around again, went up sideways to the guard rail the last time, knocked down several posts, and that the impact was so strong it broke the housing and locked the wheel so it would not turn, throwing the car completely around and heading it the other way. Plaintiffs' evidence indicates that their car was on the right-hand half of the road and that there was plenty of room for the truck to pass on its side.

The evidence for the defendants is to the effect that plaintiff's car was approaching the bridge in a zigzag, while defendant's truck was proceeding at a careful rate of speed across the bridge and on the driver's right-hand side; that plaintiff's car was finally thrown by its own operation partly across the highway in front of defendant's truck, and that in order to avoid a collision the driver of the truck turned the same shortly,

and while the car cleared the front of the truck it came in collision with the rear. There was physical evidence of the markings of the wheel of the approaching Plymouth car introduced in corroboration of the statement of the defendant Thomas.

There is evidence to the effect that the truck in collision, and being driven by the defendant Thomas, belonged to the Standard Transportation Company. The defendant Thomas testified: "I was working for the Standard Transportation Company, and driving the truck that was in this collision on Thanksgiving Day, 1935." . . . "I had taken a load up the road beyond Smithfield—I unloaded in Raleigh that morning."

Upon this evidence the jury found in favor of the plaintiffs on the issues of negligence of the defendants, and contributory negligence of the plaintiffs, and determined the amount of damages to be recovered as to each. From the judgment upon these issues, the defendants appealed.

*J. D. Johnson, Jr., and Hackler & Allen for plaintiffs, appellees.*
*Butler & Butler for defendants, appellants.*

SEAWELL, J. (1) The exception to consolidation of the cases for the purpose of trial is without merit. In this State the power of the trial court to consolidate cases for convenience of trial is not confined to cases between the same parties, but extends to cases by the same plaintiff against several defendants and cases by different plaintiffs against the same defendant, where the causes of action grow out of the same transaction and the defense is the same. *Abbitt v. Gregory,* 201 N. C., 577, 593, 594; McIntosh, Practice and Procedure, 536, 539. The liability of the defendants, if any, to the several plaintiffs in this action grew out of the same alleged negligent acts and the defense is the same. There is no apparent prejudice to the defendants in the consolidation of these actions which might interfere with the discretion of the court in making the order.

(2) We think there was evidence to go to the jury on the question of negligence of the defendant Thomas, and, on the principle *respondeat superior,* negligence of his codefendant, the Standard Transportation Company.

It is the practice of this Court to refrain from unnecessary comment on the evidence when the case is sent back for a new trial, but in order that it may be understood we are not forgetful of the conditions upon which negligence may be predicated and that we have given consideration in that respect to the evidence presented, we reproduce here some of the pertinent testimony:

The plaintiff F. B. Robinson testified (R., p. 28) : "It had been rain-ing a little bit. I was driving not over 20 miles an hour, had my car under control, and was maintaining a lookout, *and driving on my right-hand side.* There was an embankment on this side of the bridge at Holt's Lake, with guard rails on each side of the road, the posts being about 6 inches square and heavy wire nailed to them."

Mrs. Vance Hudson, a plaintiff, testified (R., p. 44) : "Mr. Robinson's car was not zigzagging, he was driving carefully and slowly *on his side of the road.* He was over on his right side of the road over the center line at the time of the collision."

Mrs. Annie Blackburn, witness for the plaintiff, testified (R., p. 45) : "Mr. Robinson was driving his car 20 miles an hour, had it under proper control, *and on his right side of the road, immediately before and at the time of the wreck.*"

An inference may be drawn from this evidence, considered in the light most favorable to the plaintiff, that plaintiff's car was driving in its proper lane to the right of the center line of the road; and since there was a collision between it and defendant's truck, a corollary inference may be drawn that the truck was being driven partially to its left of the center line, and encroaching on the lane of oncoming travel.

The defendant J. J. Thomas testified, referring to the oncoming Robinson car : ". . . he got to about fifteen feet of the bridge when his two right-hand wheels ran off the pavement, and when he pulled his car back on the pavement, it turned to the left on the pavement and skidded across the road directly in front of me. At that time I was about half way across the bridge. ˙His car skidded across, and I turned as short as I could to avoid hitting him head-on." . . . "To avoid hitting the car head-on, I undertook to run around it." (R., pp. 49, 50.)

The evidence is contradictory, of course, but that is not for this Court. The effect of this evidence must be judged by the statute and well con-sidered opinions. Section 10, chapter 148, Public Laws of 1927; Michie's Code of 1935, section 2621 (53), reads as follows : "Meeting of vehicles.—Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible." *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607; *Shirley v. Ayers,* 201 N. C., 51, 53, 158 S. E., 840.

Upon the question of *respondeat superior,* the defendant Thomas testi-fied (R., pp. 49, 51) : "I was working for Standard Transportation Company, and driving the truck that was in this accident on Thanks-giving Day, 1935. . . . I had taken a load up the road beyond Smithfield. . . . I unloaded in Raleigh that morning." The evi-dence shows that Thomas was driving an oil tank car, of the trailer type,

employed in transporting oil for the defendant corporation, and was returning after unloading at Raleigh. We think an inference might be drawn from this evidence that Thomas was at the time "about his master's business."

(3) But, nevertheless, the evidence both with regard to negligence of Thomas and the liability of both Thomas and the Transportation Company therefor, was a question for the jury, and the correctness of the charge to the jury has been challenged by pertinent exceptions, and these questions must be considered.

The defendant Transportation Company complains that the instructions to the jury did not comply with the provisions of Consolidated Statutes, section 564, requiring that the judge "shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon," in that nowhere in the charge was the jury instructed on the doctrine implied in the phrase *respondeat superior,* or the principle of agency on which the law imputes to the master the negligence of the servant.

In this case the Transportation Company could not be held liable for the negligence of Thomas, in the absence of evidence tending to show that the latter was at the time of his negligent act or omission both in the employment of the Transportation Company and in the performance of some service connected with such employment—that is, about his master's business.

There is no admission as to the agency, and in instructing the jury the court cannot assume it to exist. The evidence tending to show the agency is important, and the law applicable to it equally so, and neither is of such a simple nature as to be considered self-explanatory, dispensing with an instruction; *Craig v. Stewart,* 163 N. C., 531, 79 S. E., 1100; *Duckworth v. Orr,* 126 N. C., 674, 677, 36 S. E., 150; or involving a mere subordinate elaboration requiring a prayer for special instruction after substantial compliance with the statute, as in *S. v. Ellis,* 203 N. C., 836, 167 S. E., 67; *Gore v. Wilmington,* 194 N. C., 450, 140 S. E., 71; *Murphy v. Power Co.,* 196 N. C., 484, 146 S. E., 207, and similar cases. The liability of the master, arising through the agency of the servant, is a substantive feature of the case, as to which a proper instruction declaring and explaining the law is mandatory, and the omission of such instruction must be held for reversible error. *Nichols v. Fibre Co.,* 190 N. C., 1; *Headen v. Transportation Co.,* 211 N. C., 639.

(4) The defendant J. J. Thomas also complains that the provisions of the cited section—C. S., 564—were not observed in his behalf, since nowhere in the record is attention called to the fact that he is one of the defendants; and for this reason the evidence in his behalf and the contentions thereupon did not, with certainty, receive the benefit of that

explanation of the law which is required by the statute.    He points out
that the judge's charge apparently does not seem to concede to him the
role of defendant in the case, and entitled to consideration as such, but
regards him as an impersonal agency whose only function is to determine
the liability of his codefendant, the Transportation Company; with the
result that he is held to liability by reason of the use of the plural—
"defendants"—in the issue instead of the singular—"defendant"—as
employed in the judge's charge.

An examination of the charge discloses that the judge apparently did
not refer to Thomas directly as a defendant.    The nearest approach to it
was in the opening sentences,    ".  .  .   that the injuries sustained by
the plaintiffs and each of them was proximately caused by the negli-
gence of the defendant in the operation of a truck by one of its em-
ployees; and the defendant in this action"—and, other charges in fact,
did not refer to him anywhere by name as defendant.    In opening the
charge, the court stated that the defendant in each of the five cases was
the Standard Transportation Company.    In recounting the evidence re-
lating to the circumstances of the wreck and injury to the plaintiffs,
Thomas is nowhere referred to by name.    In such statements of the
contentions as are made and of the law of negligence applicable, the
charge not only does not mention Thomas as a defendant, but a reason-
able inference from the remarks of the judge would be that he is re-
ferring to the Transportation Company, which originally he designated
as the defendant in the causes.

We think, as a minimum requirement of judicial investigation, the
jury should at all times understand who are the parties to the trial and
whose rights are being dealt with and settled by their verdict.    The
constant reference in the judge's charge to "the defendant"—using the
singular number—at least tended to divert the minds of the jury from
the individual to the corporate defendant, and to deprive him of a fair
consideration of the evidence in his behalf and of the benefit of an ex-
planation of the law arising thereon as involved in his contentions, since
none of them were stated at all except as those of the Transportation
Company, his codefendant.    *Messick v. Hickory,* 211 N. C., 531, 535,
191 S. E., 43.    In the neglect to declare and explain the law arising
upon this evidence as it related individually to Thomas and involving
his contentions, we think there was error.    *Lea v. Utilities Co.,* 176
N. C., 511, 514; *Jarrett v. Trunk Co.,* 144 N. C., 299; *Williams v.
Coach Co.,* 197 N. C., 12 (15), 147 S. E., 435; *S. v. Melton,* 187 N. C.,
481, 482.

We do not regard these exceptions as being "broadside," since they
refer to definite distinguishable features sufficiently pointed out which
run throughout the charge.

Since this case must go back for a new trial, we do not deem it wise to comment on the evidence, as exceptions thereto may not recur on a new trial.

For the errors noted, the defendants are granted a

New trial.                                                              Error.

DEVIN, J., concurring in result: An examination of the record of the evidence adduced at the trial leads me to the conclusion that defendants' motion for judgment of nonsuit should have been allowed. The cause of the accident is not made to appear. There is lack of sufficient evidence to show that negligence on the part of the defendants proximately caused plaintiffs' injury. Actionable negligence is not presumed from the mere fact of injury.

BARNHILL and WINBORNE, JJ., concurring in this opinion.