DEVIN, J., concurring in result.
BARNHILL and WINBORNE, JJ., concurring in concurring opinion.
The evidence in this case tends to show that the several plaintiffs named were riding in a Plymouth automobile, driven by F. B. Robinson, on State Highway No. 23, two or three miles south west of Smith field and in the direction of that town, approaching a bridge across the highway. At this time a truck of the defendant Transportation Company, used in distributing oil, and driven by defendant J. J. Thomas, was coming over the bridge. This truck was of the trailer type. The cars finally collided, either upon the bridge or immediately on the approach thereto.
The exact circumstances attending the collision are in dispute. The plaintiffs' evidence tends to show that as defendant's truck got off just inside the guard rails some part of the rear of the truck struck the back end of plaintiff's car and mashed it into the wall, knocking the housing back in; that the collision with the truck rendered the Plymouth car incapable of guidance and threw it around on the road, and that the left rear wheel came in contact with the truck; that the collision threw plaintiff's car around — the back end of it to the right — and when the car made the turn the right rear wheel struck the post of the guard rail on the left and bent it over; that the car then made a half turn, whirled around again, went up sideways to the guard rail the last time, knocked down several posts, and that the impact was so strong it broke the housing and locked the wheel so it would not turn, throwing the car completely around and heading it the other way. Plaintiff's evidence indicates that their car was on the right-hand half of the road and that there was plenty of room for the truck to pass on its side.
The evidence for the defendants is to the effect that plaintiff's car was approaching the bridge in a zigzag, while defendant's truck was proceeding at a careful rate of speed across the bridge and on the driver's right-hand side that plaintiff's car was finally thrown by its own operation partly across the highway in front of defendant's truck, and that in order to avoid a collision the driver of the truck turned the same shortly, *Page 492 
and while the car cleared the front of the truck it came in collision with the rear. There was physical evidence of the markings of the wheel of the approaching Plymouth car introduced in corroboration of the statement of the defendant Thomas.
There is evidence to the effect that the truck in collision, and being driven by the defendant Thomas, belonged to the Standard Transportation Company. The defendant Thomas testified: "I was working for the Standard Transportation Company, and driving the truck that was in this collision on Thanksgiving Day, 1935." . . ."I had taken a load up the road beyond Smithfield — I unloaded in Raleigh that morning."
Upon this evidence the jury found in favor of the plaintiffs on the issues of negligence of the defendants, and contributory negligence of the plaintiffs, and determined the amount of damages to be recovered as to each. From the judgment upon these issues, the defendants appealed.
(1) The exception to consolidation of the cases for the purpose of trial is without merit. In this State the power of the trial court to consolidate cases for convenience of trial is not confined to cases between the same parties, but extends to cases by the same plaintiff against several defendants and cases by different plaintiffs against the same defendant, where the causes of action grow out of the same transaction and the defense is the same. Abbitt v. Gregory, 201 N.C. 577, 593, 594; McIntosh, Practice and Procedure, 536, 539. The liability of the defendants, if any, to the several plaintiffs in this action grew out of the same alleged negligent acts and the defense is the same. There is no apparent prejudice to the defendants in the consolidation of these actions which might interfere with the discretion of the court in making the order.
(2) We think there was evidence to go to the jury on the question of negligence of the defendant Thomas, and, on the principle respondentsuperior, negligence of his codefendant, the Standard Transportation Company.
It is the practice of this Court to refrain from unnecessary comment on the evidence when the case is sent back for a new trial, but in order that it may be understood we are not forgetful of the conditions upon which negligence may be predicated and that we have given consideration in that respect to the evidence presented, we reproduce here some of the pertinent testimony: *Page 493 
The plaintiff F. B. Robinson testified (R., p. 28): "It had been raining a little bit. I was driving not over 20 miles an hour, had my car under control, and was maintaining a lookout, and driving on my right-hand side. There was an embankment on this side of the bridge at Holt's Lake, with guard rails on each side of the road, the posts being about 6 inches square and heavy wire nailed to them."
Mrs. Vance Hudson, a plaintiff, testified (R., p. 44): "Mr. Robinson's car was not zigzagging, he was driving carefully and slowly on his side ofthe road. He was over on his right side of the road over the center line at the time of the collision."
Mrs. Annie Blackburn, witness for the plaintiff, testified (R., p. 45): "Mr. Robinson was driving his car 20 miles an hour, had it under proper control, and on his right side of the road, immediately before and at thetime of the wreck."
An inference may be drawn from this evidence, considered in the light most favorable to the plaintiff, that plaintiff's car was driving in its proper lane to the right of the center line of the road; and since there was a collision between it and defendant's truck, a corollary inference may be drawn that the truck was being driven partially to its left of the center line, and encroaching on the lane of oncoming travel.
The defendant J. J. Thomas testified, referring to the oncoming Robinson car ". . . he got to about fifteen feet of the bridge when his two right-hand wheels ran off the pavement, and when he pulled his car back on the pavement, it turned to the left on the pavement and skidded across the road directly in front of me. At that time I was about half way across the bridge. His car skidded across, and I turned as short as I could to avoid hitting him head-on." . . . "To avoid hitting the car head-on, I undertook to run around it." (R. pp. 49, 50.)
The evidence is contradictory, of course, but that is not for this Court. The effect of this evidence must be judged by the statute and well considered opinions. Section 10, chapter 148, Public Laws of 1927; Michie's Code of 1935, section 2621 (53), reads as follows: "Meeting of vehicles. — Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible." James v. CoachCo., 207 N.C. 742, 178 S.E. 607; Shirley v. Ayers, 201 N.C. 51, 53,158 S.E. 840.
Upon the question of respondeat superior, the defendant Thomas testified (R., pp. 49, 51): "I was working for Standard Transportation Company, and driving the truck that was in this accident on Thanksgiving Day, 1935 . . . I had taken a load up the road beyond Smithfield . . . I unloaded in Raleigh that morning." The evidence shows that Thomas was driving an oil tank car, of the trailer type, *Page 494 
employed in transporting oil for the defendant corporation, and was returning after unloading at Raleigh. We think an inference might be drawn from this evidence that Thomas was at the time "about his master's business."
(3) But, nevertheless, the evidence both with regard to negligence of Thomas and the liability of both Thomas and the Transportation Company therefor, was a question for the jury, and the correctness of the charge to the jury has been challenged by pertinent exceptions, and these questions must be considered.
The defendant Transportation Company complains that the instructions to the jury did not comply with the provisions of Consolidated Statutes, section 564, requiring that the judge "shall state in a plain and correct manner the evidence given in the case, and declare was the jury instructed on the doctrine implied in the phrase respondent superior, or the principle of agency on which the law imputes to the master the negligence of the servant.
In this case the Transportation Company could not be held liable for the negligence of Thomas, in the absence of evidence tending to show that the latter was at the time of his negligent actor omission both in the employment of the Transportation Company and in the performance of some service connected with such employment — that is, about his master's business.
There is no admission as to the agency, and in instructing the jury the court cannot assume it to exist. The evidence tending to show the agency is important, and the law applicable to it equally so, and neither is of such a simple nature as to be considered self-explanatory, dispensing with an instruction; Craig v. Stewart, 163 N.C. 531, 79 S.E. 1100; Duckworth v.Orr, 126 N.C. 674, 677, 36 S.E. 150; or involving a mere subordinate elaboration requiring a prayer for special instruction after substantial compliance with the statute, as in S. v. Ellis, 203 N.C. 836,167 S.E. 67; Gore v. Wilmington, 194 N.C. 450, 140 S.E. 71; Murphy v.Power Co., 196 N.C. 484, 146 S.E. 207, and similar cases. The liability of the master, arising through the agency of the servant, is a substantive feature of the case, as to which a proper instruction declaring and explaining the law is mandatory, and the omission of such instruction must be held for reversible error.Nichols v. Fibre Co.,190 N.C. 1; Headen v. Transportation Co.,211 N.C. 639.
(4) The defendant J. J. Thomas also complains that the provisions of the cited section — C. S., 564 — were not observed in his behalf, since nowhere in the record is attention called to the fact that he is one of the defendants; and for this reason the evidence in his behalf and the contentions thereupon did not, with certainty, receive the benefit of that *Page 495 
explanation of the law which is required by the statute. He points out that the judge's charge apparently does not seem to concede to him the role of defendant in the case, and entitled to consideration as such, but regards him as an impersonal agency whose only function is to determine the liability of his codefendant, the Transportation Company; with the result that he is held to liability by reason of the use of the plural — "defendants" — in the issue instead of the singular — "defendant" — as employed in the judge's charge.
An examination of the charge discloses that the judge apparently did not refer to Thomas directly as a defendant. The nearest approach to it was in the opening sentences, ". . . that the injuries sustained by the plaintiffs and each of them was proximately caused by the negligence of the defendant in the operation of a truck by one of its employees; and the defendant in this action" — and, other charges in fact, did not refer to him anywhere by name as defendant. In opening the charge, the court stated that the defendant in each of the five cases was the Standard Transportation Company. In recounting the evidence relating to the circumstances of the wreck and injury to the plaintiffs, Thomas is nowhere referred to by name. In such statements of the contentions as are made and of the law of negligence applicable, the charge not only does not mention Thomas as a defendant, but a reasonable inference from the remarks of the judge would be that he is referring to the Transportation Company, which originally he designated as the defendant in the causes.
We think, as a minimum requirement of judicial investigation, the jury should at all times understand who are the parties to the trial and whose rights are being dealt with and settled by their verdict. The constant reference in the judge's charge to "the defendant" — using the singular number — at least tended to divert the minds of the jury from the individual to the corporate defendant, and to deprive him of a fair consideration of the evidence in his behalf and of the benefit of an explanation of the law arising thereon as involved in his contentions, since none of them were stated at all except as those of the Transportation Company, his codefendant. Messick v. Hickory, 211 N.C. 531, 535,191 S.E. 43. In the neglect to declare and explain the law arising upon this evidence as it related individually to Thomas and involving his contentions, we think there was error. Lea v. Utilities Co., 176 N.C. 511,514; Jarrett v. Trunk Co., 144 N.C. 299; Williams v. Coach Co.,197 N.C. 12 (15), 147 S.E. 435; S. v. Melton, 187 N.C. 481, 482.
We do not regard these exceptions as being "broadside," since they refer to definite distinguishable features sufficiently pointed out which run throughout the charge. *Page 496 
Since this case must go back for a new trial, we do not deem it wise to comment on the evidence, as exceptions thereto may not recur on a new trial.
For the errors noted, the defendants are granted a
New trial. Error.